Acey JACKSON, Appellant,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE—INSTITUTIONAL DIVISION, The State of Texas, and Joe M. Barnes, Appellees.

No. 13–99–259–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 2000.

Acey Jackson, Huntsville, pro se.

Cari Gaye Bernstein, Asst. Atty., Gen., John Cornyn, Atty. Gen., Austin, for the State.

Before Justices HINOJOSA, CHAVEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

Appellant, Acey Jackson, a state prison inmate, filed a *pro se* declaratory judgment action in the 12th District Court of Walker County against the Texas Department of Criminal Justice—Institutional Division, its employee Joe M. Barnes, and the State of Texas. Appellant filed an unsworn declaration of his inability to pay costs.[1] After a hearing held by video teleconference, the trial court found that appellant's claims were frivolous, granted the defendants' motion to dismiss the complaint with prejudice, and assessed all costs against appellant. Appellant timely filed a notice of appeal on March 26, 1999. In two issues, appellant contends the trial court erred in dismissing his claims as frivolous. We affirm.

Inmate litigation (except suits brought under the family code) in which the inmate

---

1. Chapter 132 of the Texas Civil Practice & Remedies Code allows prison inmates to file unsworn declarations if they meet certain requirements. Section 132.001 provides:

    § 132.001. Use by Inmates in Lieu of Sworn Declaration

    (a) Except as provided by Subsection (b), an *unsworn declaration made as provided by* this chapter by an inmate in the Texas Department of Corrections or in a county jail may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law.

    (b) This chapter does not apply to an oath of office or an oath required to be taken before 'a specified official other than a notary public.

    TEX. CIV. PRAC. & REM.CODE ANN. § 132.001 (Vernon 1997). Section 132.002 provides:

    § 132.002. Requirements of Declarations

    An unsworn declaration made under this chapter must be:

    (1) in writing; and

    (2) subscribed by the person making the declaration as true under penalty of perjury.

    TEX. CIV. PRAC. & REM.CODE ANN. § 132.002 (Vernon 1997).

files an affidavit or unsworn declaration of inability to pay costs is governed by special procedural rules set out in chapter fourteen of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.001 (Vernon Supp.2000). The legislature enacted this statute to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates; these suits consume many valuable judicial resources with little offsetting benefits. *Hickson v. Moya,* 926 S.W.2d 397, 399 (Tex.App.—Waco 1996, no writ). The rules set out in chapter 14 may not be modified or repealed by the regular rules of civil procedure. TEX. CIV. PRAC. & REM. CODE ANN. § 14.014 (Vernon Supp.2000).

The trial court has broad discretion to dismiss a lawsuit brought under chapter 14 as frivolous or malicious. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(2) (Vernon Supp.2000); *Lentworth v. Trahan,* 981 S.W.2d 720, 722 (Tex.App.—Houston [1st Dist.] 1998, no pet.). In determining whether a claim is frivolous or malicious, the trial court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b) (Vernon Supp. 2000).

■ The proper standard of review of the dismissal of a lawsuit brought by an inmate who has filed an affidavit or declaration of inability to pay costs is whether the court abused its discretion. *Barnum v. Munson,* 998 S.W.2d 284, 286 (Tex. App.—Dallas 1999, pet. denied); *McCollum v. Mt. Ararat Baptist Church, Inc.,* 980 S.W.2d 535, 536 (Tex.App.—Houston [14th Dist.] 1998, no pet.); *Hickson,* 926 S.W.2d at 398. To establish abuse of discretion, the complaining party must show that the trial court's action was arbitrary or unreasonable in light of all the circum-

stances in the case. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex. 1984). Stated differently, abuse of discretion is determined by examining whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *McCollum,* 980 S.W.2d at 536–37.

■ To determine whether the trial court properly decided there was no arguable basis in law for appellant's suit, we examine the types of relief and causes of action appellant pleaded in his petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *Id.* In reviewing this dismissal, we are bound to take as true the allegations in appellant's original petition. *Id.; Harrison v. Texas Dept. of Criminal Justice—Institutional Div.,* 915 S.W.2d 882, 888 (Tex.App.—Houston [1st Dist.] 1995, no writ).

Section 14.004 of the Texas Civil Practice & Remedies Code provides that:

(a) An inmate who files an affidavit or unsworn declaration of inability to pay costs should file a separate affidavit or declaration:

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the suit was

814

dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

TEX. CIV. PRAC. & REM.CODE ANN. § 14.004 (Vernon Supp.2000).

Several courts of appeals have reviewed the issue of an inmate's failure to comply fully with section 14.004. *Samuels v. Strain*, 11 S.W.3d 404, 406 (Tex.App.—Houston [1st Dist.] 2000, no pet. h.); *Bell v. Texas Dept. of Criminal Justice—Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *Thomas v. Wichita General Hosp.*, 952 S.W.2d 936, 939 (Tex.App.—Fort Worth 1997, pet. denied); *Hickson*, 926 S.W.2d at 399.

The Waco Court of Appeals has held that a trial court did not abuse its discretion by dismissing as frivolous a chapter 14 suit where no such section 14.004 affidavit was filed. *Hickson*, 926 S.W.2d at 399. The court held that in light of the flood of frivolous inmate litigation, "the supplemental filing required by section 14.004 is designed to assist the court in making the determinations that the legislature has called upon it to make." *Id.* The court did not determine whether the inmate had actually filed any lawsuits. *Id.*

The Fort Worth Court of Appeals has held that a trial court did not abuse its discretion by dismissing as frivolous a chapter 14 suit where the plaintiff failed to file the affidavit, where "the record shows that Thomas filed at least five lawsuits in Wichita County in the period between July 1995 and July 1996." *Thomas*, 952 S.W.2d at 939.

The Houston Fourteenth Court of Appeals has held that a trial court did not abuse its discretion by dismissing as frivolous a chapter 14 suit where the plaintiff filed an affidavit listing four previous filings, but did not state the operative facts for which relief was sought in those suits. *Bell*, 962 S.W.2d at 158. The court stated:

We hold that when an inmate does not comply with the affidavit requirements of section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous. Our holding advances the purposes for which the Texas Legislature enacted the section on inmate litigation and the special requirements in section 14.004.

*Id.*

The Houston First Court of Appeals has held that a trial court did not abuse its discretion by dismissing as frivolous a chapter 14 suit where the plaintiff alleged in his petition that he had filed two previous suits, but he did not: (1) file an affidavit, (2) list all the operative facts, (3) identify all parties, or (4) list whether the cases were dismissed as frivolous. *Samuels*, 11 S.W.3d at 406.

■ In this case, appellant did not file a section 14.004 affidavit specifying previous filings. Appellant did allege in his original petition that he:

has not filed any previous lawsuit concerning the subject which makes this cause of action. The plaintiff has not previously filed any other civil actions in any courts in the United States of America.

However, appellant's statement is in an unverified, unsworn petition that was not made subject to the penalty of perjury. His unsworn pleading cannot, therefore, qualify as either an affidavit or an unsworn declaration under chapter 132 of the Texas Civil Practice & Remedies Code.

Because appellant did not comply with the requirements of section 14.004, we hold the trial court did not abuse its discretion by dismissing as frivolous appellant's lawsuit. Appellant's two issues are overruled.

The trial court's orders dismissing appellant's lawsuit and assessing costs are affirmed.