NUMBER 13-01-00020-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

______________________________________________________________


DAN THOMAS , Appellant,


v.


RICHARD McKEE , Appellee.

______________________________________________________________


On appeal from the 411th District Court 

of Polk County, Texas.

______________________________________________________________


O P I N I O N

Before Chief Justice Valdez, and Justices Yañez and Castillo

Opinion by Justice Castillo


The appellant, Dan Thomas, appeals pro se the trial court's dismissal with prejudice of his lawsuit against Richard McKee,
an employee of the Institutional Division of the Texas Department of Criminal Justice. The two issues on appeal are: 1)
whether the trial court erred in dismissing appellant's case with prejudice; and 2) whether the trial court erred in charging
appellant court costs. We modify the judgment and affirm as modified.

Factual Summary

Appellant Dan Thomas brought suit pro se in Polk County trial court for damages he sustained when appellee, Richard
McKee, allegedly denied his request for withdrawal of funds from his inmate trust account to purchase certain publications. 
Thomas claimed violation of his rights under the United States and Texas Constitutions and sought both declaratory and
compensatory relief from McKee. The trial court dismissed Thomas's claim with prejudice as frivolous for failure to
conform with several procedural requirements for inmates proceeding in forma pauperis under Texas Civil Practice and
Remedies Code Chapter 14. Tex. Civ. Prac. & Rem. Code Ann. § 14.001 et. seq. (Vernon Supp. 2001). 

Analysis

Thomas's suit is governed by Texas Civil Practice & Remedies Code Chapter 14, which applies to suits brought by inmates
who are unable to pay the costs of litigation. As the purpose of the chapter is to minimize constant, duplicative inmate
litigation in this state, the trial court is given great latitude in dismissing frivolous claims. Tex. Civ. Prac. & Rem. Code
Ann. § 14.003(b) (Vernon Supp. 2001);Jackson v. Texas Dep't of Crim. Justice-Institutional Div., 28 S.W.3d 811, 813
(Tex. App.-Corpus Christi 2000, pet. denied); Hickson v. Moya, 926 S.W.2d 397, 399 (Tex. App.-Waco 1996, no writ).
Thomas failed to file an affidavit or declaration describing each suit that he has previously brought, as required by section
14.004, and additionally failed to file copies of his grievances demonstrating exhaustion of administrative remedies, as
required by section 14.005. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.004, 14.005 (Vernon Supp. 2001). The trial court
was justified in dismissing Thomas's complaint for violation of section 14.004. Jackson, 28 S.W.3d at 813; Hickson, 926
S.W.2d at 399.

This Court has discussed the propriety of dismissal with prejudice in other situations. See Hubler v. City of Corpus Christi,
564 S.W.2d 816 (Tex. App.-Corpus Christi 1978, writ ref'd n.r.e.) (failure to amend deficient pleadings when given due
opportunity is grounds for dismissal with prejudice). We have not yet ruled on the propriety of dismissal with prejudice
under section 14.004. Two other Texas appellate courts, however, have held that failure to comply with the terms of
section 14.004 is an improper ground for dismissal with prejudice. Hickman v. Adams, 35 S.W.3d 120, 124 (Tex.
App.-Houston [14th Dist.] 2000, no pet.); Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.-Houston [1st Dist.] 1998,
no pet.). We agree with the decision reached by those two courts, especially where, as here, appellant did not receive an
opportunity to correct his filing mistakes. While the appellant's claim was properly dismissed under section 14.004, we
believe that the dismissal should have been made without prejudice. Issue number one is sustained. 

The second issue on appeal is whether the trial court abused its discretion in assessing Thomas court costs. Under section
14.006, a court may order an inmate who has filed a claim to pay court costs in accordance with chapter 14. Tex. Civ. Prac.
& Rem. Code Ann. § 14.006 (Vernon Supp. 2001). Thomas cites cases where indigent non-inmates have been relieved of
the duty to pay court costs. See, e.g., Goffney v. Lowry, 554 S.W.2d 157, 159-160 (Tex. 1977). Such authority is
inapposite, however, because section 14.002 specifies that chapter 14 is applicable to inmates in court who have filed an
affidavit of inability to pay costs of litigation. Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon Supp. 2001). Thomas
is an inmate appealing in forma pauperis, and thus is subject to the provisions of chapter 14. 

Thomas further argues that if he is obligated to pay court costs, he only owes 20% of the preceding six months' deposits to
the inmate's trust account, pursuant to Section 14.006(b). Tex. Civ. Prac. & Rem. Code Ann. § 14.006 (Vernon Supp.
2001). Section 14.006(b), however, clearly indicates that upon the court's order, an inmate shall pay the amount equal to
the lesser of 20% of the inmate's preceding six months' deposits to the inmate's trust account or the total amount of court
fees and costs. Id. Pursuant to section 14.006(c), an inmate must then, in each month following the month in which the
payment is made under subsection (b) pay the lesser of 10% of that month's deposits or the balance of the fees and costs. 
Tex. Civ. Prac. & Rem. Code Ann. § 14.006(c) (Vernon Supp. 2001). Subsection (d) clearly indicates that "payments
under Subsection (c) shall continue until the total amount of court fees and costs are paid or until the inmate is released
from confinement." Tex. Civ. Prac. & Rem. Code Ann. § 14.006(d) (Vernon Supp. 2001). Issue number two is overruled.

Conclusion

Accordingly, we reform the trial court order to provide that the claim is dismissed without prejudice. As modified, we
affirm the judgment. Additionally, we affirm the trial court's imposition of court costs on the appellant. 

ERRLINDA CASTILLO

Justice





Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 12th day of July, 2001.