NO. 07-02-0238-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 10, 2003

_____

TERRY ACREMAN, APPELLANT

V.

DR. BILL SLEDGE, MARY BANKHEAD, M.D., AND
LABORATORY CORPORATION OF AMERICA, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 89,098-D; HONORABLE DON EMERSON, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**[1]

Appellant Terry Acreman, an inmate proceeding *pro se*, challenges the trial court's order dismissing his personal injury action against appellees Dr. Bill Sledge, Mary Bankhead, M.D., and Laboratory Corporation of America. In his brief appellant contends the trial court

_____

[1]Tex. R. App. P. 47.4.

abused its discretion by dismissing his complaint as frivolous. By his reply to appellees' brief, appellant attempts to raise the issue that he has been denied access to the courts because of a federal judge's denial of his motion for 1) inmate legal assistance; and 2) subpoena two witnesses. Based on the rationale expressed herein, we affirm.

Terry Acreman, an inmate, filed suit against appellees asserting causes of action in negligence, gross negligence, and breach of contract for allegedly incorrect blood test results. The incorrect results, Acreman asserts, caused him to be retested, allegedly putting his life in danger because "appellant does not and did not have any blood to spare." Acreman filed *in forma pauperis*, making his claims subject to the procedural requirements of section 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (Vernon Supp. 2003). The trial court dismissed Acreman's claims against all defendants with prejudice, pursuant to chapter 14.

By his first issue, Acreman contends the trial court abused its discretion by dismissing his complaint as frivolous. We disagree. The trial court, in dismissing a suit under chapter 14 as frivolous may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b) (Vernon Supp. 2003).

We review the dismissal of suits under chapter 14 under an abuse of discretion standard. *See* Hines v. Massey, 79 S.W.3d 269, 271 (Tex.App.–Beaumont 2002, no pet.) (citing Jackson v. Texas Dep't of Criminal Justice--Institutional Div., 28 S.W.3d 811, 813 (Tex.App.–Corpus Christi 2000, pet. denied)). Abuse of discretion is determined by whether the court acted without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc. 701 S.W.2d 238, 241-42 (Tex. 1985). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge does not demonstrate that an abuse of discretion has occurred. *Id.*

Acreman asserted causes of action in negligence, gross negligence, and breach of contract. Appellees' motion to dismiss was based on the grounds that under chapter 14, Acreman suffered no damages as a result of the actions he alleged and his lawsuit had no arguable basis in law or fact and was therefore frivolous. To support their claim that Acreman's negligence claim had no arguable basis in law or fact, appellees contended there was no evidence of negligence, causation, or legally recoverable damages. To support their claim that Acreman's gross negligence claim had no arguable basis in law or fact, appellees urged that Acreman could not prove (1) the alleged act, viewed objectively from the actor's standpoint, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) actual, subjective awareness of the risk, and conscious indifference to it in action. Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 23 (Tex. 1994). They further argued Acreman failed to allege a cause of action against the doctors individually and the breach of contract claim could not stand without some third party beneficiary status

3

in the absence of a contractual relationship. Because the order dismissing Acreman's complaint did not specify a reason for the dismissal, we may affirm the order if any proper ground supports it. Shook v. Gilmore & Tatge Mfg. Co., Inc. 951 S.W.2d 294, 296 (Tex.App.–Waco 1997, writ denied).

In order to support any of these causes of action, among other elements, Acreman must have sustained actual damages. Praesel v. Johnson, 967 S.W.2d 391, 394 (Tex. 1998). However, Acreman has cited no authority, and we have found none, supporting his theory that the "unnecessary blood loss" which he alleges to have sustained under these circumstances, would support a finding of actual damages. Further, there is little likelihood of proving his blood testing was unnecessary. Likewise, there is little likelihood of connecting the named defendants with any allegedly tortious conduct . We conclude that the trial court did not abuse its discretion in dismissing Acreman's complaint as frivolous. Issue one is overruled.

Acreman attempts in his reply brief to raise new issues not addressed in his original brief. Rule 38.3 permits an appellant to address "any matter in the appellee's brief." TEX. R. APP. P. 38.3. To consider new issues in a reply brief would be outside of the permissible scope of rule 38.3. Barrios v. State, 27 S.W.3d 313, 322 (Tex.App.–Houston [1st Dist.] 2000, pet. ref'd), *cert. denied*, 534 U.S. 1024; 122 S.Ct. 555; 151 L.Ed.2d 430 (2001). Appellant's second issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

4

Don H. Reavis
Justice