NO. 07-03-0159-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 5, 2003



______________________________




KIMELA BECKER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 44,244-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 On April 2, 2003, a copy of a Notice of Appeal in cause No. 44,244-B in the 181st
District Court of Potter County, Texas (the trial court), was filed with the clerk of this court
(the appellate clerk). The document filed gives notice that Kimela Becker, appellant,
desires to appeal from a conviction in such court and cause number. On April 14, 2003,
a docketing statement was filed with the appellate clerk. 

 On April 8, 2003 and April 30, 2003, the District Clerk of Potter County (the trial
court clerk) advised that the clerk's record had not been paid for, the clerk had not
received an affidavit of indigency from appellant, and appellant's attorney had not made
arrangements to pay for the record. The clerk's record has not been filed. The appellate
clerk's record reflects no other action by any party to the appeal to prosecute the appeal. 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. 
Tex. R. App. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to
immediately cause notice to be given of and to conduct a hearing to determine: (1) whether
appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal,
then whether appellant is indigent; (3) if appellant desires to prosecute this appeal,
whether appellant is entitled to have the clerk's record furnished without charge; and (4)
what orders, if any, should be entered to assure the filing of appropriate notices and
documentation to dismiss appellant's appeal if appellant does not desire to prosecute this
appeal, or, if appellant desires to prosecute this appeal, to assure that the clerk's record
will be promptly filed and that the appeal will be diligently pursued. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a clerk's record on remand; (3) cause the hearing proceedings to be
transcribed and included in a reporter's record; and (4) have a record of the proceedings
made to the extent any of the proceedings are not included in the clerk's record or the
reporter's record. In the absence of a request for extension of time from the trial court, the
clerk's record on remand, reporter's record of the hearing and proceedings pursuant to this
order, and any additional proceeding records, including any orders, findings, conclusions
and recommendations, are to be sent so as to be received by the clerk of this court not
later than June 5, 2003. 

 

 Per Curiam

Do not publish.





the decision whether the trial court abused its discretion, the fact that
the appellate court might have decided a matter within the trial court's discretion in a
different manner does not demonstrate that an abuse of discretion occurred. Id. at 399. 
In considering whether the trial court erred in its conclusion that appellant had no arguable
basis in law or only a slight realistic chance of ultimate success, we must consider whether
appellant's claims are cognizable under Texas law. Jackson v. Texas Dep't of Criminal
Justice, 28 S.W.3d 811, 813 (Tex. App.-Corpus Christi 2000, pet. denied). In making our
decision, we are bound to take as true the allegations in appellant's petition. Id.

Discussion


 In bringing this suit, appellant specifically claimed that appellees violated his First,
Eighth, and Fourteenth Amendment rights under the federal constitution by "forcibly"
medicating him. In his petition, appellant argued that the medications appellees prescribed
caused adverse side effects and that their continued provision of those medications
despite his protests constituted "deliberate indifferen[ce] to plaintiff['s] health and safety in
violation of the 8th and 14th amendment[s] to the United States Constitution." The essence
then, of appellant's argument concerning his medical treatment is a disagreement with
appellees about the diagnosis of his paranoid schizophrenia and their treatment of that
condition. However, a prisoner's mere disagreement with his medical treatment or
diagnosis does not give rise to a §1983 cause of action. Norton v. Dimazana, 122 F.3d
286, 292 (5th Cir. 1997) (disagreement with medical treatment does not state a claim for
Eighth Amendment indifference to medical needs). Moreover, the mere fact that medical
treatment was unsuccessful does not give rise to a §1983 cause of action, nor is
negligence or neglect sufficient to show medical indifference. Varnado v. Lynaugh, 920
F.2d 320, 321 (5th Cir. 1991). That being so, appellant had no reasonable chance for
success and the trial court did not err in dismissing his claim as frivolous.

 Appellant's trial complaint was only that appellees violated his Eighth and
Fourteenth Amendment rights by being deliberately indifferent to his health and safety in
making the medical diagnosis and prescribing a treatment for that diagnosed condition. 
However, on this appeal, he attempts to raise entirely new arguments by asserting that by
actually medicating him without his consent, appellees violated his First, Eighth, and
Fourteenth Amendment rights. He makes no claim that the medication had not been
prescribed by a psychiatrist nor does he contend that that prescription had not been
approved by a reviewing psychiatrist. His contention is, rather, that the application of any
medication without his consent violated his constitutional rights. 

 However, in Washington v. Harper, 494 U.S. 210,110 S.Ct. 1028, 108 L.Ed.2d 178
(1990), the Court had occasion to consider a similar contention. In that case, a mentally
ill state prisoner contended that a prison policy that authorized treatment with antipsychotic
drugs without a prior judicial hearing and determination that the prisoner was incompetent
violated the prisoner's constitutional right to due process. In determining that no such
violation had occurred, the Court noted that the penal system had instituted a policy that
involuntary medication was permissible in instances in which (1) the State has first
obtained a medical finding that the prisoner has a mental disorder that is likely to cause
harm if not treated, 2) the medication has been prescribed by a psychiatrist, and 3) that
prescription has been approved by a reviewing psychiatrist. Id. 494 U.S. at 222,110 S.Ct.
at 1037. The Court held that the State's interest in prison safety and security as well as
the inmate's constitutional rights were sufficiently protected in such instances. Id. 494 U.S.
at 223, 110 S.Ct. at 1037. In this case, a similar procedure was followed by the State, and
we find no violation of appellant's constitutional rights by appellees' treatment of appellant
after the diagnosis of schizophrenia.

 In sum, the trial court did not reversibly err in dismissing appellant's suit. 
Accordingly, the judgment of the trial court is affirmed. 


 John T. Boyd

 Senior Justice

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2006).