COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JAMES LEE SWEED,                                          )

                                                                              )              
No.  08-03-00271-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
346th District Court

ALEJANDRINA JAIME and JAIME                    )

ESPARZA,                                                            )           
of El Paso County, Texas

                                                                              )

Appellees.                          )                 
(TC# 2002-5576)

                                                                              )

 

 

MEMORANDUM  OPINION

 

James Lee Sweed, a
pro se inmate, appeals from an order dismissing his Section 1983 suit
filed against Alejandrina Jaime, official court reporter of the 210th District
Court of El Paso County and Jaime Esparza, 34th District Attorney.  We affirm.

FACTUAL SUMMARY








In his suit, Sweed
alleged that Jaime violated his civil rights by altering the reporter=s record to reflect that Sweed had
judicially confessed to aggravated assault when he had not so confessed.  He further alleged that both defendants have
fraudulently concealed Jaime=s
alteration of the court records in order to deny Sweed access to the
courts.  Sweed=s
pleadings are accompanied by an affidavit of inability to pay court costs.  Jaime and Esparza filed a motion to dismiss
pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code.  See Tex.Civ.Prac.&Rem.Code
Ann. '
14.002(a)(Vernon 2002).  Their motion,
supported by certified copies of the plea papers, states that Sweed entered a
negotiated plea of guilty to aggravated assault in cause number 69262-171 on
November 1, 1993.  In accordance with the
plea bargain, the court assessed punishment at imprisonment for a term of
twelve years but did not make a deadly weapon finding.  Jaime and Esparza sought dismissal of Sweed=s suit based upon his failure to supply
the required affidavits and because his suit is frivolous.  The trial court granted the motion to dismiss
without a hearing and without specifying the precise basis for the dismissal.

INMATE LITIGATION

Sweed challenges
the dismissal order by three issues.  In
Issue One, Sweed contends that the trial court erred by dismissing his suit as
frivolous.  In Issue Two, he argues that the
court erred by dismissing his suit for failure to comply with the requirements
of Chapter 14 of the Civil Practice and Remedies Code.  In his third issue, Sweed asserts that the
court improperly dismissed his suit because it raises issues related to his
criminal trial.








With the exception
of suits brought under the Family Code, inmate litigation in which the inmate
files an affidavit or unsworn declaration of inability to pay costs is governed
by special procedural rules set out in Chapter 14 of the Civil Practice and
Remedies Code.  See Tex.Civ. Prac.&Rem.Code Ann. ' 14.002; Jackson v. Texas Department
of Criminal Justice‑Institutional Division, 28 S.W.3d 811, 812‑13
(Tex.App.‑-Corpus Christi 2000, pet. denied).  The Legislature enacted Chapter 14 to control
the flood of frivolous suits being filed in Texas courts by prison inmates, as
these suits consume valuable judicial resources with little offsetting
benefit.  Jackson, 28 S.W.3d at
813.  Under this Chapter, a trial court
has broad discretion to dismiss a claim, either before or after service of
process, if the court finds that:  (1)
the allegation of poverty in the affidavit or unsworn declaration is false; (2)
the claim is frivolous or malicious; or (3) the inmate filed an affidavit or
unsworn declaration required by Chapter 14 that the inmate knew was false.[1]  Tex.Civ.Prac.&Rem.Code
Ann. '
14.003(a); see Jackson, 28 S.W.3d at 813.  In determining whether a claim is frivolous
or malicious, the court may consider whether: 
(1) the claim=s
realistic chance of ultimate success is slight; (2) the claim has no arguable
basis in law or in fact; (3) it is clear that the party cannot prove facts in
support of the claim; or (4) the claim is substantially similar to a previous
claim filed by the inmate because the claim arises from the same operative
facts. 
Tex.Civ. Prac.&Rem.Code Ann. '
14.003(b).  In making such a
determination, the trial court may hold a hearing, and that hearing may be held
before or after service of process and on the motion of the court, a party, or
the court clerk.  Tex.Civ.Prac.&Rem.Code Ann. '
14.003(c).

Attached to Sweed=s original petition is a copy of the
judgment and sentence entered in cause number 69262.  It reflects that Sweed voluntarily entered a
plea of guilty to aggravated assault and was sentenced to serve a twelve-year
term of imprisonment.  The plea papers
signed by Sweed contain the following judicial confession:

I do now hereby, in open court, admit
all the allegations in the indictment in the cause and I confess that I committed
the offense charged in the indictment, waiving the rights to which Article 1.15
of the Texas Code of Criminal Procedure entitles me, particularly the right to
require sufficient evidence to support the judgment of the court, in view of my
judicial confession herein made.  

 








The document is signed and approved
by the judge hearing the guilty plea. 
The trial court did not abuse its discretion in determining that Sweed=s suit is frivolous.  Issue One is overruled.  Given our resolution of Issue One, it is not
necessary to address Issues Two or Three. 
The order dismissing Sweed=s
suit with prejudice is affirmed.

 

 

November
4, 2004

RICHARD BARAJAS,
Chief Justice

 

Before Panel No. 4

Barajas, C.J., Larsen and McClure, JJ.











[1]  The inmate is
required to file an affidavit or declaration providing details pertaining to
each suit previously brought by the inmate and stating the result of the
suit.  Tex.Civ.Prac.&Rem.Code
Ann. ' 14.004 (Vernon 2002).