NUMBER 13-05-591-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

MICHAEL SCOTT,                                                    Appellant,

 

                                           v.

 

OFFICER
MENCHACA,                                               Appellee.

 

 

 

                   On appeal from the 36th District Court

                              of Bee
County, Texas.

 

 

 

                              O P I N I O N

 

                     Before Justices Hinojosa, Yañez and
Castillo

                                  Opinion by Justice Castillo

 








Appellant, Michael
Scott, an indigent inmate in the Texas Department of Criminal JusticeBInstitutional Division
(TDCJ), appeals the dismissal of his pro se case under chapter 14 of the Texas
Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 14.003 (Vernon
2002).  He sued appellees,[1]
seeking compensatory damages for "excessive use of force while
escorting" him to a medical appointment.  
We affirm the trial court's chapter 14 dismissal of the lawsuit with
prejudice.

I.  Issues Presented

Scott contends that
the trial court abused its discretion by (1) dismissing his prisoner's in forma
pauperis suit under chapter 14 as frivolous, (2) failing to permit him to cure
the defect in his effort to exhaust the prison grievance system, and (3)
failing to rule on his motion for stay pending exhaustion of administrative
remedies. 

 II. 
Background

The defendants moved
to dismiss, asserting that Scott failed to meet the following chapter fourteen
statutory requirements:  (1) list all his
previous lawsuits,[2]
(2) adequately describe operative facts,[3]
and (3) list dates of affirmation of dismissals 

of prior suits.[4]  Scott filed a motion requesting an order
allowing him to exhaust administrative remedies.  








A review of the record
reveals that the live pleading did not contain an affidavit or unsworn
declaration as to Scott's exhaustion of administrative remedies.  The trial court convened a telephonic
evidentiary hearing wherein Scott admitted he had not exhausted administrative
remedies as to all defendants except Menchaca. 
Scott nevertheless argued: 
"I'm not required to exhaust the grievance system again after I
have filed my grievance with the Court with my original petition.  I'm only required to exhaust the grievance
system once."  He added,
"There's no case law or no T.D.C. policy or procedure that explicitly
states that I'm required to name each defendant to the step 1 and step 2
grievance."  As to the affidavit of
previous filings, Scott stated that he filed "an amended list and I have
cured the deficiencies that the defendants have alleged."

Concluding that
Scott's live pleading was procedurally incorrect, the trial court dismissed the
case with prejudice.  In his motion for a
new trial, Scott requested an order allowing him to exhaust administrative
remedies.

III. Chapter 14

A. Scope and Standard
of Review








The purpose of the procedural
requirements in chapter 14 is to deter "constant, often duplicative,
inmate litigation."  See Lilly v.
Northrep, 100 S.W.3d 335, 337 (Tex. App.BSan Antonio 2002, pet. denied); Obadele v.
Johnson, 60 S.W.3d 345, 348 (Tex. App.BHouston [14th Dist.]
2001, no pet.).  The proper standard of
review for the dismissal of a frivolous claim pursuant to chapter fourteen is
an abuse of discretion.  Jackson v.
Tex. Dep't of Crim. Justice‑Inst. Div., 28 S.W.3d 811, 813 (Tex. App.BCorpus Christi 2000,
pet. denied).  To establish an abuse of
discretion, an appellant must show the trial court's actions were arbitrary or
unreasonable in light of all the circumstances. 
Id. (citing Smithson v. Cessna Aircraft Co., 665 S.W.2d
439, 443, 27 (Tex. 1984)); Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241‑42 (Tex. 1985) (holding that an abuse of discretion is
determined by examining whether the trial court acted without reference to any
guiding rules and principles); Spurlock v. Schroedter, 88 S.W.3d 733,
735‑36  (Tex. App.BCorpus Christi 2002,
no pet.). 

Section 14.005
requires that an inmate proceeding pro se file an affidavit or unsworn
declaration stating (1) the date that the grievance was filed, and (2) the date
the inmate received the written decision. 
See Tex. Civ. Prac. &
Rem. Code Ann. 14.005 (Vernon 2002). 
The plain meaning of the provision reflects that exhaustion of
administrative remedies is mandatory. 
See Tex. Gov't Code Ann.
_ 311.011 (Vernon 2005).  We must enforce the plain meaning of an
unambiguous statute.  Tune v. Tex.
Dep't of Pub. Safety, 23 S.W.3d 358, 363 (Tex. 2000); St. Luke's
Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997) (holding that we
interpret a statute that is clear and unambiguous by looking at the plain
meaning of the statute's words). 

B. Discussion








By his second and
third issues, Scott assigns error to the trial court's refusal to allow him to
exhaust administrative remedies.  His
complaint on appeal is contrary to his assertions at the hearing.  He judicially admitted that he need not
exhaust administrative remedies as to all but the first defendant, and he did
not file an affidavit or unsworn declaration as to exhaustion of administrative
remedies (an action consistent with his argument before the trial court). 

A judicial admission
must be a clear, deliberate, and unequivocal statement; it occurs when an
assertion of fact is conclusively established in live pleadings, making the
introduction of other pleadings or evidence unnecessary.  Horizon/CMS Healthcare Corp. v. Auld,
34 S.W.3d 887, 905 (Tex. 2000).  A judicial
admission not only relieves an adversary from making proof of the fact admitted
but also bars the party himself from disputing it.  See id.  We conclude that, because Scott judicially
admitted in open court that he need not exhaust administrative remedies, he is
barred from now disputing that admission. 
Id.  Accordingly, we
overrule his second and third issues. Because exhaustion of administrative
remedies is a mandatory requirement in chapter 14 proceedings and because the
live pleading did not append the mandatory affidavit or declaration as to
exhaustion of administrative remedies, 
we conclude that the trial court did not abuse its discretion in
dismissing the lawsuit with prejudice.  See
Tex. Civ. Prac. & Rem. Code Ann.
14.005 (Vernon 2002); Jackson, 28 S.W.3d at 813.  Accordingly, we overrule Scott's first issue.

 

 








IV.  Conclusion

Having overruled
Scott's three issues presented,  we
affirm the order dismissing the lawsuit with prejudice.

ERRLINDA CASTILLO

Justice

 

Opinion delivered and filed this

the 9th day of February, 2006.  

 

 

 











[1] The defendants named in the first
amended petition were Rafael Menchaca, Armando Gonzalez, Marie Delarosa, Sgt.
Jonny Miles, Sgt. Daniel Breseno, Sgt. Villarreal, Sgt. Darren Mayer, Sgt.
Sanchez, Capt. Rene Maldonado, Major Daniel Fernandez, Lt. Andres Gallegso,
Sgt. Louis Rocha, Sgt. Rhonda Rawlins, Sgt. Delarosa, Lt. Michael Skay, Capt.
Edwin Lang, Capt. Parker, Asst. Warden Alfonso Castillo, and Warden William
Stephens in their personal capacities.





[2] See Tex. Civ. Prac. & Rem. Code Ann. _14.004(a) (Vernon 2002).





[3] Id.





[4] See id. at __ 14.004(a)(2)(D), (b).