

# NUMBER 13-13-00108-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MICHAEL MCCANN,**                                                                 **Appellant,**

**v.**

**D. MONTOOTH, ET AL.,**                                                              **Appellees.**

---

## On appeal from the 156th District Court
## of Bee County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion by Chief Justice Valdez**

By one issue, appellant, Michael McCann, appeals the dismissal of his pro se in forma pauperis suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002). We affirm.

### I.    BACKGROUND

On May 30, 2013, appellant filed a lawsuit "under the Uniform Declaratory Judgment Act and Texas Tort Claim[ [Act]" against "D. Montooth," "employees who work

at McConnel Unit," and "Jane and John Does who implement policy." Appellant alleged that his rights were violated when he was billed $100.00 for dental work after defendants acted with "deliberate indifference to [appellant's] dental needs by denying to replace [appellant's] mouth guard, [clean appellant's] teeth properly and timely, and failing to fill cavities in a timely manner."[1] On August 6, 2012, the Attorney General of Texas filed an "Amicus Curiae Chapter 14 Advisory" requesting that the trial court dismiss the claim under chapter 14 of the civil practice and remedies code. The advisory alleged multiple ways that appellant had failed to comply with chapter 14, including that he: (1) failed to file a certified copy of his inmate trust fund account (ITF account), *see id.* §§ 14.004(c) (West Supp. 2011), 14.006(f) (West 2002); (2) made a false allegation of poverty, *see id,* § 14.003(a)(1); (3) failed to file a copy of a written decision by the grievance system on his step two grievance, *see id.* § 14.005(a)(2) (West 2002); and (4) failed to state a non-frivolous claim, *see id.* § 14.003(a)(3). Subsequently, on November 26, 2012, the trial court allowed appellant to file a printout of his ITF account. On February 12, 2013, the trial court dismissed appellant's suit as frivolous for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. *See id.* This appeal followed.

## II. STANDARD OF REVIEW & APPLICABLE LAW

When reviewing a dismissal order under chapter 14 of the civil practice and remedies code, the standard of review on appeal is for abuse of discretion. *Hickson v.*

---

[1] Appellant sought damages specifically for "(1) conspiracy to commit fraud, fraud; (2) violation of the ex post facto clause; (3) retaliation, (4) official oppression by unlawful misstatement, (5) deliberate indifference to [his] dental needs, (6) securing execution of documents by deception, [and] (7) punitive damages." Appellant contends, in his appellate brief, that he also filed suit for tampering with evidence. However, we note that appellant did not make a claim for tampering with evidence in his original petition in the present case.

*Moya*, 926 S.W2d 397, 398 (Tex. App—Waco 1996, no writ). The trial court abuses its discretion if it acts without reference to any guiding legal principles. *Id.*

The trial court has broad discretion to dismiss a lawsuit brought under chapter 14 as frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2); *Jackson v. Tex. Dep't. of Crim. Justice—Institutional Div.,* 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied); *Lentworth v. Trahan,* 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Chapter 14 provides in relevant part:

> In determining whether a claim is frivolous or malicious, the trial court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b).

### III. DISCUSSION

Appellant lists his sole issue as, "did the trial court err . . . by not allowing appellant to remedy any deficiency within chapter 14?" However, at the end of his brief, he also generally contends that the trial court's dismissal "was not appropriate" because he filed all his affidavits and his six-month printout along with his step one and two grievances in accordance with chapter 14. We construe this as challenge to the merits of the ruling, not only to the court's failure to allow appellant to remedy any deficiency. In any event, to the extent appellant does challenge the merits of the trial court's dismissal, he does not address all of the bases for dismissal alleged by the Office of the Attorney General in its amicus advisory filed in the trial court, including that he made a false allegation of poverty, *see id.* § 14.003(a)(1), failed to file a copy of a written decision by the grievance system on his step 2 grievance, *see id.* § 14.005(a)(2), and

3

failed to state a non-frivolous claim, *see id.* § 14.003(a)(3). Likewise, appellant has not adequately briefed the multiple potential bases for the trial court's dismissal presented in the Attorney General's amicus advisory. *See* TEX. R. APP. P. 38.1(i) (requiring an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Where no fact hearing is held, we affirm a dismissal under Chapter 14 of the Texas Civil Practice and Remedies Code upon any of the grounds presented in the motion. *Retzlaff v. Tex. Dep't. of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Harrison v. Texas Dept. of Criminal Justice,* 915 S.W.2d 882, 887 (Tex. App.—Houston [1st Dist.] 1995, no writ). Moreover, appellant, specifically, has not shown or explained how the trial court abused its broad discretion to dismiss his cause of action as frivolous in light of the four factors listed in the subsection (b) of chapter 14.003. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b); *Jackson,* 28 S.W.3d at 813. Accordingly, the trial court did not err by dismissing the claim as frivolous for failure to comply with chapter 14.

Further, appellant asserts that the trial court erred by not listing the deficiencies in his lawsuit and not allowing him to remedy them before dismissing his case.[2] However, appellant cites no law requiring that the trial court either list the deficiencies on which it based its decision to dismiss the case under chapter 14 or provide a defendant with an opportunity to remedy the deficiencies. *See* TEX. R. APP. P. 38.1(i). Instead, chapter 14 allows the trial court to dismiss a defendant's cause of action as

---

[2] In the standard of review section of his brief, appellant states that "[t]he [t]rial [c]ourt's ruling should be modified to read without prejudice . . . ." *See Thomas v. Skinner*, 54 S.W.3d 845, 846–47 (Tex. App.—Corpus Christi 2001, pet. denied) (holding that dismissal of a chapter 14 claim "with prejudice" was unwarranted). The record reveals, however, that the judgment in this case does not state that the trial court dismissed the case with prejudice. Therefore, appellant's request for modification is denied, and any issue properly before this Court regarding modification is overruled.

4

frivolous without even providing notice to the defendant, and a court's failure to specifically state the grounds for dismissal is not an abuse of discretion. *Retzlaff*, 94 S.W.3d at 654. Moreover, we note that the trial court did, in fact, allow the defendant to remedy a procedural defect in his suit when it permitted appellant to file his ITF account statement after he initially failed to do so. Here, the trial court allowed appellant an opportunity to cure a defect in his lawsuit even when it was not required to do so. *See id.* Accordingly, we hold that the trial court did not abuse its discretion by dismissing the lawsuit without listing deficiencies or allowing appellant an opportunity to remedy them. *See id.* We overrule appellant's sole issue.[3]

### IV. CONCLUSION

We affirm the trial court's judgment.

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
5th day of December, 2013.

---

[3] In accordance with this opinion, appllant's "Motion for Sanctions Against Appellees" for filing a "totally frivolous brief," filed July 13, 2013, is denied.

5