

**IN THE**
**TENTH COURT OF APPEALS**

———————————

**No. 10-14-00153-CV**

**IN RE ALVIE ROBINSON**

———————————

**Original Proceeding**

---

# MEMORANDUM OPINION

Alvie Robinson, an inmate, seeks mandamus relief because of the trial court's alleged failure to timely rule on Robinson's motion for summary judgment.

Effective January 1, 2012, Chapter 14 of the Civil Practice and Remedies Code was amended to apply to *an action*, including *an appeal or an original proceeding*, brought by an inmate in a district, county, justice of the peace, or small claims court, *or an appellate court* in which an affidavit of indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2013) (emphasis added); *Douglas v. Turner*, ___ S.W.3d ___, ___, 2013 WL 2245653, at *1 (Tex. App.—Waco May 9, 2013, no pet. h.); *see also In re Morris*, No. 12-14-00106-CV, 2014 WL 1747270 (Tex. App.—Tyler Apr. 30, 2014, orig. proceeding) (mem. op.) (applying Chapter 14 to original proceeding). Chapter 14's requirements thus apply when an inmate files an appeal or an original proceeding.

*Morris,* 2014 WL 1747270, at *1; *Douglas,* ___ S.W.3d at ___, 2013 WL 2245653, at *1.

Section 14.004(a) requires the inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Family Code, accompanied by a certified copy of the inmate's account statement. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West Supp. 2013). The statement must "reflect the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." *Id.* § 14.006(f) (West 2002). The filings required by chapter 14 are "an essential part of the process by which courts review inmate litigation." *Douglas,* ___ S.W.3d at ___, 2013 WL 2245653, at *1 (quoting *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ)).

The failure to file the affidavit or declaration "relating to previous filings" can result in dismissal without notice or hearing. *Id.* (citing *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.—Dallas 2008, no pet.); *Thompson v. Rodriguez*, 99 S.W.3d 328, 329-30 (Tex. App.—Texarkana 2003, no pet.); and *Jackson v. Tex. Dep't of Crim. Just.*, 28 S.W.3d 811, 814 (Tex. App.—Corpus Christi 2000, pet. denied)). Furthermore, when the inmate fails to comply with the affidavit requirements, the court may assume that the current action is substantially similar to one previously filed by the inmate and is thus frivolous. *Id.* (citing *Altschul v. TDCJ - Inmate Trust Fund Div.*, No. 10-11-00084-CV, 2012 WL 851681, at *1, 2012 Tex. App. LEXIS 2025, *3 (Tex. App.—Waco Mar. 14, 2012, pet. denied) (mem. op.); *Bell v. Tex. Dep't of Crim. Just.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)); *see also Morris,* 2014 WL 1747270, at *1.

Robinson filed a request to proceed in forma pauperis with a certified copy of his inmate account statement, but he did not file an affidavit or declaration "relating to previous filings." We thus dismiss as frivolous his petition for writ of mandamus.[1] *Morris,* 2014 WL 1747270, at *2; *see Douglas,* ___ S.W.3d at ___, 2013 WL 2245653, at *2.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Petition dismissed as frivolous
Opinion delivered and filed June 12, 2014
[CV06]

---

[1] A motion for rehearing may be filed within 15 days after the final order of this Court is rendered. TEX. R. APP. P. 52.9.