

NUMBER 13-18-00107-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICHAEL MCCANN,                                                    Appellant,

v.

CANDACE MOORE, ET AL.,                                              Appellees.

On appeal from the 36th District Court
of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellant Michael McCann is an inmate housed in the McConnell Unit of the Texas Department of Criminal Justice—Institutional Division (TDCJ—ID).  McCann brought suit pro se and *in forma pauperis* against appellees Candace Moore, Joe Gonzales Jr., Veronica Inmun, Adriana Cano, J. Salles, Corey Furr, Bradley M. Skrobarackek,

Christopher Pauley, Darren Mayer, M. Mata, FNU[1] Sanchez, FNU Pernales, and FNU Garcia, all of whom are employees of TDCJ—ID. The trial court dismissed McCann's claims pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014. McCann contends that the trial court erred in dismissing his claims. We affirm.

## I. BACKGROUND

On October 10, 2016, McCann filed a complaint against appellees arguing that on or about May 30, 2016, he received an offense report from Skrobarackek alleging that McCann threatened an officer. As a result of the offense, McCann stated he was subjected to "cruel and unusual" punishment including nine days of solitary confinement, and forty-nine days of phone and recreation restrictions. McCann's petition alleged that his punishment ended on July 27, 2016. McCann filed his step one grievance with the TDCJ—ID on August 1, 2016, and received a response denying his requested relief on August 30, 2016. McCann subsequently filed his step two grievance on September 2, 2016, which was disposed of on October 7, 2016.

On January 17, 2017, the Office of the Attorney General of Texas (OAG) filed an "*Amicus Curiae* Advisory Recommending Dismissal Pursuant to Chapter 14." The advisory alleged multiple ways that McCann had failed to comply with Chapter 14, including that: (1) his declaration of previously filed lawsuits was incomplete, *see id.* § 14.004(a)(2); (2) he made a false allegation of poverty, *see id.* § 14.003(a)(1); (3) he failed to exhaust his administrative remedies, *see id*. § 14.005; and (4) he failed to state a non-frivolous claim, *see id*. § 14.003(a)(2). McCann amended his petition in response to the

---

[1] The abbreviation FNU commonly stands for "First Name Unknown."

OAG's advisory, containing the same allegations and alleging additional causes of action. The trial court dismissed the cause finding that McCann's original and amended petitions were not in compliance with Chapter 14. This appeal followed.

## II. DISCUSSION

By two issues, McCann contends that the trial court erred in dismissing his suit because (1) he exhausted his administrative remedies and (2) his claims "are cognizable and all have a basis in law."

### A. Applicable Law and Standard of Review

When reviewing a dismissal order under Chapter 14 of the civil practice and remedies code, the standard of review on appeal is for abuse of discretion. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). The trial court abuses its discretion if it acts without reference to any guiding legal principles. *Id*.

The trial court has broad discretion to dismiss a lawsuit brought under Chapter 14 as frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2); *Jackson v. Tex. Dep't of Crim. Justice—Institutional Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied); *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet). Chapter 14 provides in relevant part:

> In determining whether a claim is frivolous or malicious, the trial court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b).

### B. Analysis

3

In his two issues, McCann argues that he exhausted his administrative remedies and that his claims have an arguable basis in law. To the extent that McCann challenges the merits of the trial court's dismissal, he does not address all of the bases for dismissal alleged by the OAG in its amicus advisory filed in the trial court, including that his declaration of previously filed lawsuits was incomplete, *see id.* § 14.004(a)(2), and that he made a false allegation of poverty, *see id.* § 14.003(a)(1). Additionally, in the issues he does address, McCann has not adequately briefed the potential bases for the trial court's dismissal. *See* Tex. R. App. P. 31.1(i) (requiring an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see also McCann v. Montooth*, No. 13-13-00108-CV, 2013 WL 6480742, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 5, 2013, no pet.) (mem. op., not designated for publication). McCann has not shown or explained how the trial court abused its broad discretion to dismiss his cause of action as frivolous in light of the four factors listed in subsection (b) of chapter 14.003. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b); *Jackson*, 28 S.W.3d at 813. Therefore, we conclude that the trial court did not err by dismissing McCann's claims as frivolous for failure to comply with Chapter 14. We overrule issues one and two.

### III. Conclusion

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
27th day of June, 2019.

4