

NUMBER 13-19-00203-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICHAEL MCCANN,
TDCJ NO. 879919,                                                                Appellant,

v.

TDCJ-CID, ET AL.,                                                               Appellees.

### On appeal from the 343rd District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Memorandum Opinion by Justice Longoria**

Appellant Michael McCann is an inmate housed in the McConnell Unit of the Texas

Department of Criminal Justice—Institutional Division (TDCJ—ID). McCann brought suit

pro se and *in forma pauperis* against appellees TDCJ—ID, and Laurie Davis and Philip

Sifuentes, employees of TDCJ—ID. The trial court dismissed McCann's claims with

prejudice pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code, *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001–.014, and declared McCann a vexatious litigant subject to a prefiling order requirement, *see id*. § 11.101. McCann contends that the trial court erred in dismissing his claims. We affirm.

## I. BACKGROUND

McCann filed his original complaint against appellees on November 14, 2018, alleging claims pursuant to 42 U.S.C. § 1983. Specifically, he asserted that he was denied his right to marry in violation of the First and Fourteenth Amendments and that his right to marry was impermissibly burdened by TDCJ—ID's marriage policy. In his complaint, McCann alleged that he was denied marriage to Diane Miskell, a female inmate in the custody of the Texas Department of Criminal Justice at the Carol Young Medical Complex. He claims that a prison official told him he could not marry because he was still married with no divorce on record and the decision to deny his marriage was made in retaliation against McCann for his previous lawsuits. McCann argued that he completed all of the necessary requirements to marry Miskell.

On January 9, 2019, appellees, through the Office of the Attorney General (OAG), filed their original answer and on January 11, 2019, they filed their motion to declare McCann a vexatious litigant pursuant to Chapter 11 of the civil practice and remedies code. *See id*. Appellees also filed a motion for a prefiling order and a motion for dismissal under Chapter 14 of the civil practice and remedies code. *See id*. § 14.003. McCann filed his response and a motion for sanctions against appellees. The trial court held a telephonic hearing where both parties appeared. The trial court declared McCann a vexatious litigant subject to a prefiling order, prohibited him from filing any new litigation

2

in a court of this state without first obtaining permission from a local administrative judge, and dismissed McCann's claims with prejudice pursuant to Chapter 14. *See id*. §§ 11.101, 14.003. This appeal followed.

## II. CHAPTER 14

In his first issue, McCann argues that the trial court abused its discretion by dismissing his claims under Chapter 14 because his claim was cognizable by law.

### A. Standard of Review and Applicable Law

When reviewing a dismissal order under Chapter 14 of the civil practice and remedies code, the standard of review on appeal is for abuse of discretion. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). The trial court abuses its discretion if it acts without reference to any guiding legal principles. *Id*.

The trial court has broad discretion to dismiss a lawsuit brought under Chapter 14 as frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2); *Jackson v. Tex. Dep't of Crim. Justice—Institutional Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied); *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet). Chapter 14 provides in relevant part:

> (a) A court may dismiss a claim, either before or after service of process, if the court finds that:
>
> > (1) the allegation of poverty in the affidavit or unsworn declaration is false;
> >
> > (2) the claim is frivolous or malicious; or
> >
> > (3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a). Furthermore, the trial court has the discretion to dismiss a claim under Chapter 14 if it finds that it is frivolous:

3

> In determining whether a claim is frivolous or malicious, the trial court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b).

## B.  Analysis

McCann argues that the trial court erred in dismissing his claims because his claims are "cognizable by law." He does not address all of the bases for dismissal alleged by the OAG in its motion to dismiss filed in the trial court, including that his declaration of previously filed lawsuits was incomplete. *See id.* § 14.004(a)(2) ("An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration: . . . describing each action that was previously brought . . ."). Additionally, in the issues he does address, McCann has not adequately briefed his argument for why the potential bases for the trial court's dismissal was erroneous. *See* TEX. R. APP. P. 31.1(i) (requiring an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see also McCann v. Moore*, No. 13-18-00107-CV, 2019 WL 2622335, at *2 (Tex. App.—Corpus Christi–Edinburg June 27, 2019, no pet.) (mem. op.). McCann has not shown or explained how the trial court abused its broad discretion to dismiss his cause of action as frivolous in light of the four factors listed in Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b); *Jackson*, 28 S.W.3d at 813. Therefore, we conclude that the trial court did not err by dismissing McCann's claims as frivolous for failure to comply with Chapter 14. McCann's first issue is overruled.

## III.  CHAPTER 11

In his second issue, McCann argues that the evidence was legally insufficient to support the trial court's order declaring him a vexatious litigant.

**A.    Standard of Review and Applicable Law**

We apply the abuse of discretion standard when reviewing a trial court's determinations under Chapter 11. *Scott v. Mireles*, 294. S.W.3d 306, 308 (Tex. App.— Corpus Christi–Edinburg 2009, no pet.). The test for an abuse of discretion is whether the court acted arbitrarily or unreasonably and without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).

Under Texas Civil Practice and Remedies Code § 11.051, a defendant may, on or before the 90th day after the date the defendant files its original answer, move the court for an order determining that the plaintiff is a vexatious litigant and requiring the plaintiff to furnish security. TEX. CIV. PRAC. & REM. CODE ANN. § 11.051. Vexatious litigants are persons who abuse the legal system by filing numerous, frivolous lawsuits. *Jackson v. Bell*, 484 S.W.3d 161, 166 (Tex. App.—Amarillo 2015, no pet.); *Drake v. Andrews,* 294 S.W.3d 370, 373 (Tex. App.—Dallas 2009, pet. denied). A vexatious litigant determination requires the defendant to demonstrate that there is not a reasonable probability the plaintiff will prevail in the litigation against the defendant and that the plaintiff, in the preceding seven-year period, commenced, prosecuted, or maintained as a pro se litigant at least five litigations, other than in small claims court, that were finally determined adversely to the plaintiff. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054.

**B.    Analysis**

McCann's appellate issue addresses only the first requirement of Chapter 11, that his claim was likely to prevail in litigation. *See id*. Appellees alleged that there was no

5

reasonable probability that McCann would prevail in his litigation because his claims were frivolous under Chapter 14. When an inmate fails to comply with the affidavit requirements, the trial court may assume that the current action is substantially similar to one previously filed by an inmate and thus is frivolous. *Douglas v. Turner*, 441 S.W.3d 337, 339 (Tex. App.—Waco 2013, no pet.). Accordingly, based on our analysis of McCann's first issue, and our finding that the trial court did not err in dismissing his claims as frivolous pursuant to Chapter 14, we further find that the trial court rightly could have determined that there was not a reasonable probability that McCann would prevail in the litigation. *See id*.; *Jackson*, 484 S.W.3d 166–67. McCann's second issue is overruled.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Delivered and filed the
3rd day of October, 2019.

6