NO. 07-01-0402-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 27, 2003

_____

ARTHUR CARSON, APPELLANT

V.

DAVID WALKER, ET AL., APPELLEES

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 86,799-D; HONORABLE STEVEN EMMERT, JUDGE

_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**OPINION**

Arthur Carson, an inmate proceeding *pro se* and *in forma pauperis*, presents eight

issues by which he contends the trial court erred in dismissing his action for negligence,

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

violations of the Civil Rights Act and Americans with Disabilities Act, and other claims against David Walker, Pete Lopez, Jr., and George Utters, Correction Officers at the William P. Clement's Unit, Texas Tech Medical Branch (Clements Unit), TDCJ-ID Inmate Trust Fund, and the Clements Unit Law Library, appellees. By his issues, he asserts (1) the evidence was insufficient to support a finding of vexatious litigation; (2) the trial court erred in dismissing the entire lawsuit; (3) the trial court inappropriately admitted documents of his previous case; (4) the trial court abused its discretion in denying witnesses; and (5) in failing to calculate the filing fee costs based on previous six months deposits; (6) the trial court violated his due process in arbitrarily imposing contempt sanctions (no written order, oral announcement of $500 fine); (7) the trial court abused its discretion in failing to give him the opportunity to be heard; and (8) the trial court erroneously dismissed the lawsuit as frivolous. Based upon the rationale expressed herein, we reform and affirm.

Carson brought the underlying action against appellees alleging, among other claims, negligence and violations of the Civil Rights Act and Americans with Disabilities Act. Represented by the Attorney General's Office, appellees filed an amended motion to dismiss Carson's case under section 14.003 of the Texas Civil Practice and Remedies Code (Vernon 1997), and for a determination that Carson is a vexatious litigant under Chapter 11 of the Texas Civil Practice and Remedies Code (Vernon 1997). At the conclusion of a pretrial evidentiary hearing on appellees' amended motion, the trial court

signed one order finding Carson to be a vexatious litigant and a second order dismissing Carson's suit as frivolous.

Before addressing Carson's issues, we first note that even though he is proceeding *pro se,* he is held to the same standard as licensed attorneys and must comply with the applicable laws and rules of procedure. Greenstreet v. Heiskell, 940 S.W.2d 831, 834 (Tex.App.--Amarillo 1997, no writ); *see also* Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978) (holding that litigants who represent themselves must comply with the procedures established by the rules notwithstanding the fact that they are not licensed attorneys). In our review, we consider Carson's issues in logical rather than sequential order.

By his second issue, Carson contends the trial court erred in dismissing the entire lawsuit. Then, by his eighth issue, he contends the trial court erred in dismissing his suit as frivolous. We disagree. A trial court's decision to dismiss an inmate's lawsuit under chapter 14 of the Code is reviewed under an abuse of discretion standard. Wallace v. Texas Department of Criminal Justice-Institutional Div., 36 S.W.3d 607, 610 (Tex.App.–Houston [1st Dist.] 2000, pet. denied). Also, where, as here, the order does not state the specific ground on which it was granted, Carson must show that each of the independent arguments alleged in the motion to dismiss is insufficient to support the order. A court abuses its discretion if it acts without reference to guiding rules or principles. Samuels v. Strain, 11 S.W.3d 404, 406 (Tex.App.--Houston [1st Dist.] 2000, no pet.).

By their amended motion to dismiss, appellees contended Carson failed to comply with section 14.004(a)(2) which required him to file an affidavit or declaration describing each suit previously commenced by him by:

> (A) stating the operative facts for which relief was sought;
>
> (B) listing the case name, cause number, and the court in which the suit was brought;
>
> (C) identifying each party named in the suit; and
>
> (D) stating the result of the suit, including if the suit was dismissed as frivolous and malicious under Section 13.001 or Section 14.003, or otherwise.

Carson's affidavit listed 22 lawsuits previously initiated by him. Regarding requirement (C) that the affidavit name each party to the suits, we note that although Carson's third suit indicates the presence of multiple defendants, the affidavit provides the name of only one of the defendants. Also, although the designation for his first, fourth, and tenth suits provided the name of only one defendant, the "et al." designation in each suit indicates the presence of unnamed defendants.

In addition, section 14.004(a)(2)(A) requires the affiant to provide *the operative facts for which relief was sought* in the suits filed by him. (Emphasis added). Although Carson's affidavit does indicate the legal nature of the suits or identify the type of action by legal conclusion, *i.e.* negligence, claim for retaliation, etc., and the actions described as numbers two, five, nine, eleven, and fourteen do state facts beyond conclusions of law or

4

claims denominated as negligence or retaliation claims, the descriptions of the remaining 17 suits do not state *the operative facts for which relief was sought.* (Emphasis added).

During his testimony at the hearing on appellees' amended motion, Carson admitted he filed the suits described in Carson v. Johnson, 112 F.3d 818, 822 n.5 (5th Cir. 1997).[2] After comparing Carson's affidavit of previous filings with the list of cases described by footnote in the Fifth Circuit opinion, we conclude his affidavit is incomplete. Because Carson's affidavit did not state the operative facts for which relief was sought in 17 of the suits listed, the trial court was unable to consider whether Carson's underlying claims are substantially similar to 17 of his previous claims. Accordingly, we must assume the present suit is substantially similar to one or more of his suits previously filed and is, therefore, frivolous. Clark v. Unit, 23 S.W.3d 420, 422 (Tex.App.--Houston [1st Dist.] 2000, pet. denied).

Carson, unlike other litigants, has everything to gain and nothing to lose by filing a frivolous suit; its costs him little or nothing; and prisoners are not often deterred by the threat of possible sanctions for malicious or frivolous actions. Hickson v. Moya, 926 S.W.2d 397, 399 (Tex.App.--Waco 1996, no pet.), citing Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). Although he may be unsuccessful, he can at "least look

---

[2]A copy of the opinion was introduced into evidence at the hearing.

forward to a short sabbatical" in the nearest courthouse. *Green*, 788 F.2d at 1119. We decline to relax the rule that he is held to the same standards as a licensed attorney. Carson did not comply with the procedures established by chapter 14 of the Code. Accordingly, we hold the trial court did not abuse its discretion in dismissing his case, however, the proper order in the present case is dismissal without prejudice. *See* Williams v. Brown, 33 S.W.3d 410, 412 (Tex.App.--Houston [1st Dist.] 2000, no pet). Carson's second and eighth issues are overruled.

By his first issue, Carson contends the evidence was insufficient to warrant a finding that he was a vexatious litigant. Dismissal of Carson's suit for his failure to comply with the requirements of chapter 14 of the Code was not a ruling on the merits; thus, the order of involuntary dismissal was without prejudice. *Cf.* Hughes v. Massey, 65 S.W.3d 743, 746 (Tex.App.–Beaumont 2001, no pet.) (holding it was error to dismiss with prejudice an inmate's suit for failure to comply with the rules governing the filing of *in forma pauperis* suits). Although an order for monetary sanctions imposed as punishment for failure to comply with procedural rules will survive a nonsuit because it is a voluntary dismissal, *see* Aetna Cas. & Sur. Co. v. Specia, 849 S.W.2d 805, 807 n.4 (Tex. 1993), in this instance, the involuntary dismissal put an end to the litigation and returned the parties to the positions they were in before the court's jurisdiction was invoked. *See* Melton v. Rylander, 727 S.W.2d 299, 303 (Tex.App.--Dallas 1987, writ ref'd n.r.e.). Because only one final judgment may be rendered in any case, *see* Tex. R. Civ. P. 301, the order determining

6

Carson to be a vexatious litigant was not severed, *see* Pierce v. Reynolds, 329 S.W.2d 76, 78 (Tex. 1959) and Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 160 Tex. 198, 324 S.W.2d 200, 201 (Tex. 1959), discussing severance of interlocutory orders, and because the order of dismissal was involuntary, the order finding Carson to be a vexatious litigant did not survive the dismissal without prejudice. Thus, issue one presents nothing for review and we need not address it.

Regarding issue seven, Carson contends he was denied the opportunity to be heard on various pretrial motions. However, because he testified at the hearing on appellees' amended motion and the trial court dismissed the action, presentation of his motions was rendered moot. Issue seven is overruled.

We have not overlooked Carson's third issue by which he contends the trial court erred in admitting documents of his previous case. However, because he did not make a timely objection to the admission of any evidence, the contention is not preserved for review. *See* Tex. R. App. P. 33.1(a); *see also* In Re United Supermarkets, Inc., 36 S.W.3d 619, 622 (Tex.App.--Amarillo 2000, no pet.). Carson's third issue is overruled. Our disposition of issues one, two, three, seven, and eight renders our consideration of Carson's remaining issues unnecessary.

Accordingly, we reform the judgment to reflect the cause is dismissed "without prejudice." As reformed, the judgment is affirmed.

7

Don H. Reavis
Justice