NO. 07-04-0589-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 25, 2006


______________________________



ARTHUR CARSON, 



 Appellant

v.



DOUGLAS DRETKE, JOE NUNN, JIMMY BAGSBY, DONALD DEAN, 


M. OGBURN, OFFICER SMITH and OFFICER ROBINSON, 



 Appellees

_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 92,554-C; HON. PATRICK PIRTLE, PRESIDING


_______________________________



Memorandum Opinion


______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Arthur Carson (pro se) appeals the dismissal of his lawsuit against Douglas Dretke,
Joe Nunn, Jimmy Bagsby, Donald Dean, M. Ogburn, Officer Smith and Officer Robinson
(collectively referred to as Dretke). An inmate, Carson, sued those individuals for
"discriminatorily us[ing] Prison Policy against African-American Prisoner's [sic], in a
disparte [sic] manner." Leave was sought to prosecute his claim as an indigent. 
Thereafter, Dretke moved to dismiss the suit because Carson failed to comply with §14.04
of the Texas Civil Practice and Remedies Code; that is, Carson's affidavit omitted various
information required by the statute. The trial court granted the motion and dismissed the
cause with prejudice. Through three issues, Carson asserts that the trial court abused its
discretion in so ruling. We modify the order, and as modified, affirm it. 

 Section 14.04 requires an inmate seeking to prosecute claims as an indigent to "file
a separate affidavit or declaration . . . identifying each suit . . . previously filed" pro se. Tex.
Civ. Prac. & Rem. Code Ann. §14.04(a)(1) (Vernon 2002). In the affidavit, the inmate is
obligated to describe each suit by its 1) operative facts, 2) style, cause number, and court
in which it was filed, 3) parties, and 4) outcome. Id. at §14.04(a)(2) (A)-(D). Moreover,
failing to comply with §14.04 warrants the dismissal of the suit. Carson v. Walker, 134
S.W.3d 300 (Tex. App.-Amarillo 2003, no pet.) (dismissing suit because Carson failed to
mention the operative facts underlying his prior lawsuits).

 Of the 22 prior lawsuits contained in Carson's affidavit, at least six omit reference
to their respective outcome. None of the 22 include a description of the operative facts
underlying the relief sought. And, others, such as Carson v. Gomez, 841 S.W.2d 491 (Tex.
App.-Houston [1st Dist.] 1992, no writ) omit reference to all the parties sued. In short,
Carson failed to comply with §14.04(a), and dismissal was warranted. 

 That many of the cases were filed long ago does not cause us to hold otherwise. 
This is so because not all of them were "remote," as suggested by Carson. For instance,
we disposed of Carson v. Walker in 2003, and at least one other, Carson v. Carson, No.
04-0303-B, allegedly remains pending in a Dallas County District Court. Additionally, we
are left to guess at why Carson apparently had no difficulty in remembering the style of
each suit, its respective cause number and court of origin, as well as the causes of action
asserted but not the pivotal facts upon which relief was sought. So too are we left to
wonder why he could not have refreshed his memory and fulfilled his statutory duty by
either contacting each court for a copy of the respective petition or going to his law library
and re-reading those cases resulting in published opinions. 

 Accordingly, the trial court did not abuse its discretion in dismissing Carson's
petition. Carson v. Walker, 134 S.W.3d at 302 (holding that the appropriate standard of
review is one of abused discretion). So, we overrule his three issues. But, because the
suit was dismissed with prejudice and the merits of his underlying claims were not
adjudicated by the trial court, we modify the dismissal to reflect that it was without
prejudice. See id. at 303 (holding that when the underlying merits of the suit are not
adjudicated, the proceeding should be dismissed without prejudice). As modified, the
order of dismissal is affirmed.


 Brian Quinn

 Chief Justice




 



small-caps">Tex. R. App. P. 25.2(d). Additionally, the certification
shall include a notice that the defendant has been informed of his rights concerning appeal,
as well as his right to file a pro se petition for discretionary review.


 
          The certification contained in the clerk’s record does not contain the defendant’s
signature. Furthermore, it does not reflect whether a copy of the certification was given to
the defendant nor does it indicate whether the defendant was given the required
admonishments. Therefore, the certification on file is defective.
          Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure a Certification of Defendant’s Right of Appeal in compliance with Rule 25.2(d). 
Once properly executed, the certification shall be included in a supplemental clerk’s record
and filed with the Clerk of this Court on or before March 16, 2009.
          This order constitutes notice to all parties of the defective certification pursuant to
Rule 37.1 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 37.1. If a
supplemental clerk’s record containing a proper certification is not filed in accordance with
this order, this matter will be referred to the Court for dismissal. See Tex. R. App. P.
25.2(d).
          It is so ordered.
Per Curiam
 
Do not publish.