NO. 07-04-0589-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 25, 2006
_____

ARTHUR CARSON,

Appellant

v.

DOUGLAS DRETKE, JOE NUNN, JIMMY BAGSBY, DONALD DEAN,
M. OGBURN, OFFICER SMITH and OFFICER ROBINSON,

Appellees
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 92,554-C; HON. PATRICK PIRTLE, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Arthur Carson (*pro se)* appeals the dismissal of his lawsuit against Douglas Dretke, Joe Nunn, Jimmy Bagsby, Donald Dean, M. Ogburn, Officer Smith and Officer Robinson (collectively referred to as Dretke). An inmate, Carson, sued those individuals for "discriminatorily us[ing] Prison Policy against African-American Prisoner's [sic], in a disparte [sic] manner." Leave was sought to prosecute his claim as an indigent. Thereafter, Dretke moved to dismiss the suit because Carson failed to comply with §14.04

of the Texas Civil Practice and Remedies Code; that is, Carson's affidavit omitted various information required by the statute. The trial court granted the motion and dismissed the cause with prejudice. Through three issues, Carson asserts that the trial court abused its discretion in so ruling. We modify the order, and as modified, affirm it.

Section 14.04 requires an inmate seeking to prosecute claims as an indigent to "file a separate affidavit or declaration . . . identifying each suit . . . previously filed" *pro se*. TEX. CIV. PRAC. & REM. CODE ANN. §14.04(a)(1) (Vernon 2002). In the affidavit, the inmate is obligated to describe each suit by its 1) operative facts, 2) style, cause number, and court in which it was filed, 3) parties, and 4) outcome. *Id.* at §14.04(a)(2) (A)-(D). Moreover, failing to comply with §14.04 warrants the dismissal of the suit. *Carson v. Walker*, 134 S.W.3d 300 (Tex. App.–Amarillo 2003, no pet.) (dismissing suit because Carson failed to mention the operative facts underlying his prior lawsuits).

Of the 22 prior lawsuits contained in Carson's affidavit, at least six omit reference to their respective outcome. None of the 22 include a description of the operative facts underlying the relief sought. And, others, such as *Carson v. Gomez*, 841 S.W.2d 491 (Tex. App.–Houston [1ˢᵗ Dist.] 1992, no writ) omit reference to all the parties sued. In short, Carson failed to comply with §14.04(a), and dismissal was warranted.

That many of the cases were filed long ago does not cause us to hold otherwise. This is so because not all of them were "remote," as suggested by Carson. For instance, we disposed of *Carson v. Walker* in 2003, and at least one other, *Carson v. Carson*, No. 04-0303-B, allegedly remains pending in a Dallas County District Court. Additionally, we are left to guess at why Carson apparently had no difficulty in remembering the style of

each suit, its respective cause number and court of origin, as well as the causes of action asserted but not the pivotal facts upon which relief was sought. So too are we left to wonder why he could not have refreshed his memory and fulfilled his statutory duty by either contacting each court for a copy of the respective petition or going to his law library and re-reading those cases resulting in published opinions.

Accordingly, the trial court did not abuse its discretion in dismissing Carson's petition. *Carson v. Walker*, 134 S.W.3d at 302 (holding that the appropriate standard of review is one of abused discretion). So, we overrule his three issues. But, because the suit was dismissed with prejudice and the merits of his underlying claims were not adjudicated by the trial court, we modify the dismissal to reflect that it was without prejudice. *See id.* at 303 (holding that when the underlying merits of the suit are not adjudicated, the proceeding should be dismissed without prejudice). As modified, the order of dismissal is affirmed.

Brian Quinn
Chief Justice