NO. 07-04-0564-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 30, 2007

_____

JAMES LEE SWEED, APPELLANT

v.

DR. MANNING, ET AL., APPELLEES

_____

FROM THE 99th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-522,601; HON. MACKEY K. HANCOCK, PRESIDING

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

MEMORANDUM OPINION

In this appeal, appellant James Lee Sweed, an inmate of the Texas penal system, appearing *pro se*, challenges the dismissal of his suit against appellees Stephen M. Manning, M.D., Shijahov Vahora, M.D., and Dana A. Butler, M.D., all psychiatrists. In his suit, appellant asserted that appellees violated his federal constitutional rights by prescribing psychiatric medications to control what they had diagnosed as his paranoid

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2006).

schizophrenia. The trial court dismissed the suit as frivolous. We affirm the judgment of the trial court.

The appeal presents the question whether the trial court abused its discretion in dismissing appellant's suit under Chapter Fourteen of the Texas Civil Practice and Remedies Code which permits the dismissal of frivolous inmate lawsuits.

Statute

Effective June 8, 1995, the legislature enacted Chapter 14 of the Civil Practice and Remedies Code entitled "Inmate Litigation." Tex. Civ. Prac. & Rem. Code Ann. §§14.001-014 (Vernon 2002). The statute was enacted to control the flood of frivolous lawsuits being filed in the courts of this state by prison inmates, consuming valuable judicial resources with little offsetting benefits. *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.–Waco 1996, no writ). With the exception of actions brought under the Family Code, Chapter 14 applies to suits brought by an inmate, such as appellant, who has filed "an affidavit or unsworn declaration of inability to pay costs." *Id*. at 398. Section 14.003 of the statute provides that the trial court may dismiss a claim if the court thinks the claim is frivolous or malicious, and that it may do so with or without a hearing. *Spurlock v. Schroedter*, 88 S.W.3d 733, 736 (Tex. App.–Corpus Christi 2002, no pet.). Under the statute, a trial court may find a claim frivolous if its realistic chance of ultimate success is slight, it has no arguable basis in law or fact, or it is clear the party cannot prove facts in support of the claim. Tex. Civ. Prac. & Rem. Code Ann. §14.003(b)(1)-(3) (Vernon 2002). Parenthetically, even though appellant is proceeding *pro se*, he is held to the same standard as licensed attorneys and must comply with the applicable laws and rules of

2

procedure. *Carson v. Walker*, 134 S.W.3d 300, 302 (Tex. App.–Amarillo 2003, pet. denied).

## Standard of Review

A trial court's decision to dismiss an inmate's suit under Chapter 14 is reviewed under an abuse of discretion standard. *Wallace v. Texas Dep't of Criminal Justice-Institutional Division,* 36 S.W.3d 607, 610 (Tex. App.–Houston [1ˢᵗ Dist.] 2000, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding principles or, stated another way, it acts arbitrarily or unreasonably. *Hickson v. Moya*, 926 S.W.2d at 398. In making the decision whether the trial court abused its discretion, the fact that the appellate court might have decided a matter within the trial court's discretion in a different manner does not demonstrate that an abuse of discretion occurred. *Id.* at 399. In considering whether the trial court erred in its conclusion that appellant had no arguable basis in law or only a slight realistic chance of ultimate success, we must consider whether appellant's claims are cognizable under Texas law. *Jackson v. Texas Dep't of Criminal Justice*, 28 S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000, pet. denied). In making our decision, we are bound to take as true the allegations in appellant's petition. *Id.*

## Discussion

In bringing this suit, appellant specifically claimed that appellees violated his First, Eighth, and Fourteenth Amendment rights under the federal constitution by "forcibly" medicating him. In his petition, appellant argued that the medications appellees prescribed caused adverse side effects and that their continued provision of those medications despite his protests constituted "deliberate indifferen[ce] to plaintiff['s] health and safety in

3

violation of the 8th and 14th amendment[s] to the United States Constitution." The essence then, of appellant's argument concerning his medical treatment is a disagreement with appellees about the diagnosis of his paranoid schizophrenia and their treatment of that condition. However, a prisoner's mere disagreement with his medical treatment or diagnosis does not give rise to a §1983 cause of action. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs). Moreover, the mere fact that medical treatment was unsuccessful does not give rise to a §1983 cause of action, nor is negligence or neglect sufficient to show medical indifference. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). That being so, appellant had no reasonable chance for success and the trial court did not err in dismissing his claim as frivolous.

Appellant's trial complaint was only that appellees violated his Eighth and Fourteenth Amendment rights by being deliberately indifferent to his health and safety in making the medical diagnosis and prescribing a treatment for that diagnosed condition. However, on this appeal, he attempts to raise entirely new arguments by asserting that by actually medicating him without his consent, appellees violated his First, Eighth, and Fourteenth Amendment rights. He makes no claim that the medication had not been prescribed by a psychiatrist nor does he contend that that prescription had not been approved by a reviewing psychiatrist. His contention is, rather, that the application of any medication without his consent violated his constitutional rights.

However, in *Washington v. Harper*, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990), the Court had occasion to consider a similar contention. In that case, a mentally

4

ill state prisoner contended that a prison policy that authorized treatment with antipsychotic drugs without a prior judicial hearing and determination that the prisoner was incompetent violated the prisoner's constitutional right to due process.  In determining that no such violation had occurred, the Court noted that the penal system had instituted a policy that involuntary medication was permissible in instances in which (1) the State has first obtained a medical finding that the prisoner has a mental disorder that is likely to cause harm if not treated, 2) the medication has been prescribed by a psychiatrist, and 3) that prescription has been approved by a reviewing psychiatrist.  *Id.* 494 U.S. at 222,110 S.Ct. at 1037.  The Court held that the State's interest in prison safety and security as well as the inmate's constitutional rights were sufficiently protected in such instances.  *Id.* 494 U.S. at 223, 110 S.Ct. at 1037.  In this case, a similar procedure was followed by the State, and we find no violation of appellant's constitutional rights by appellees' treatment of appellant after the diagnosis of schizophrenia.

In sum, the trial court did not reversibly err in dismissing appellant's suit.  Accordingly, the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice