NO. 07-04-0564-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 30, 2007



______________________________




JAMES LEE SWEED, APPELLANT



v.



DR. MANNING, ET AL., APPELLEES




_________________________________



FROM THE 99th DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-522,601; HON. MACKEY K. HANCOCK, PRESIDING



_______________________________



Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J. (1)

MEMORANDUM OPINION


 In this appeal, appellant James Lee Sweed, an inmate of the Texas penal system,
appearing pro se, challenges the dismissal of his suit against appellees Stephen M.
Manning, M.D., Shijahov Vahora, M.D., and Dana A. Butler, M.D., all psychiatrists. In his
suit, appellant asserted that appellees violated his federal constitutional rights by
prescribing psychiatric medications to control what they had diagnosed as his paranoid
schizophrenia. The trial court dismissed the suit as frivolous. We affirm the judgment of
the trial court.

 The appeal presents the question whether the trial court abused its discretion in
dismissing appellant's suit under Chapter Fourteen of the Texas Civil Practice and
Remedies Code which permits the dismissal of frivolous inmate lawsuits. 

Statute


 Effective June 8, 1995, the legislature enacted Chapter 14 of the Civil Practice and
Remedies Code entitled "Inmate Litigation." Tex. Civ. Prac. & Rem. Code Ann. §§14.001-014 (Vernon 2002). The statute was enacted to control the flood of frivolous lawsuits being
filed in the courts of this state by prison inmates, consuming valuable judicial resources
with little offsetting benefits. Hickson v. Moya, 926 S.W.2d 397, 399 (Tex. App.-Waco
1996, no writ). With the exception of actions brought under the Family Code, Chapter 14
applies to suits brought by an inmate, such as appellant, who has filed "an affidavit or
unsworn declaration of inability to pay costs." Id. at 398. Section 14.003 of the statute
provides that the trial court may dismiss a claim if the court thinks the claim is frivolous or
malicious, and that it may do so with or without a hearing. Spurlock v. Schroedter, 88
S.W.3d 733, 736 (Tex. App.-Corpus Christi 2002, no pet.). Under the statute, a trial court 
may find a claim frivolous if its realistic chance of ultimate success is slight, it has no
arguable basis in law or fact, or it is clear the party cannot prove facts in support of the
claim. Tex. Civ. Prac. & Rem. Code Ann. §14.003(b)(1)-(3) (Vernon 2002). 
Parenthetically, even though appellant is proceeding pro se, he is held to the same
standard as licensed attorneys and must comply with the applicable laws and rules of
procedure. Carson v. Walker, 134 S.W.3d 300, 302 (Tex. App.-Amarillo 2003, pet.
denied). 

 Standard of Review

 A trial court's decision to dismiss an inmate's suit under Chapter 14 is reviewed
under an abuse of discretion standard. Wallace v. Texas Dep't of Criminal Justice-Institutional Division, 36 S.W.3d 607, 610 (Tex. App.-Houston [1st Dist.] 2000, pet. denied).
 A trial court abuses its discretion when it acts without reference to any guiding principles
or, stated another way, it acts arbitrarily or unreasonably. Hickson v. Moya, 926 S.W.2d
at 398. In making the decision whether the trial court abused its discretion, the fact that
the appellate court might have decided a matter within the trial court's discretion in a
different manner does not demonstrate that an abuse of discretion occurred. Id. at 399. 
In considering whether the trial court erred in its conclusion that appellant had no arguable
basis in law or only a slight realistic chance of ultimate success, we must consider whether
appellant's claims are cognizable under Texas law. Jackson v. Texas Dep't of Criminal
Justice, 28 S.W.3d 811, 813 (Tex. App.-Corpus Christi 2000, pet. denied). In making our
decision, we are bound to take as true the allegations in appellant's petition. Id.

Discussion


 In bringing this suit, appellant specifically claimed that appellees violated his First,
Eighth, and Fourteenth Amendment rights under the federal constitution by "forcibly"
medicating him. In his petition, appellant argued that the medications appellees prescribed
caused adverse side effects and that their continued provision of those medications
despite his protests constituted "deliberate indifferen[ce] to plaintiff['s] health and safety in
violation of the 8th and 14th amendment[s] to the United States Constitution." The essence
then, of appellant's argument concerning his medical treatment is a disagreement with
appellees about the diagnosis of his paranoid schizophrenia and their treatment of that
condition. However, a prisoner's mere disagreement with his medical treatment or
diagnosis does not give rise to a §1983 cause of action. Norton v. Dimazana, 122 F.3d
286, 292 (5th Cir. 1997) (disagreement with medical treatment does not state a claim for
Eighth Amendment indifference to medical needs). Moreover, the mere fact that medical
treatment was unsuccessful does not give rise to a §1983 cause of action, nor is
negligence or neglect sufficient to show medical indifference. Varnado v. Lynaugh, 920
F.2d 320, 321 (5th Cir. 1991). That being so, appellant had no reasonable chance for
success and the trial court did not err in dismissing his claim as frivolous.

 Appellant's trial complaint was only that appellees violated his Eighth and
Fourteenth Amendment rights by being deliberately indifferent to his health and safety in
making the medical diagnosis and prescribing a treatment for that diagnosed condition. 
However, on this appeal, he attempts to raise entirely new arguments by asserting that by
actually medicating him without his consent, appellees violated his First, Eighth, and
Fourteenth Amendment rights. He makes no claim that the medication had not been
prescribed by a psychiatrist nor does he contend that that prescription had not been
approved by a reviewing psychiatrist. His contention is, rather, that the application of any
medication without his consent violated his constitutional rights. 

 However, in Washington v. Harper, 494 U.S. 210,110 S.Ct. 1028, 108 L.Ed.2d 178
(1990), the Court had occasion to consider a similar contention. In that case, a mentally
ill state prisoner contended that a prison policy that authorized treatment with antipsychotic
drugs without a prior judicial hearing and determination that the prisoner was incompetent
violated the prisoner's constitutional right to due process. In determining that no such
violation had occurred, the Court noted that the penal system had instituted a policy that
involuntary medication was permissible in instances in which (1) the State has first
obtained a medical finding that the prisoner has a mental disorder that is likely to cause
harm if not treated, 2) the medication has been prescribed by a psychiatrist, and 3) that
prescription has been approved by a reviewing psychiatrist. Id. 494 U.S. at 222,110 S.Ct.
at 1037. The Court held that the State's interest in prison safety and security as well as
the inmate's constitutional rights were sufficiently protected in such instances. Id. 494 U.S.
at 223, 110 S.Ct. at 1037. In this case, a similar procedure was followed by the State, and
we find no violation of appellant's constitutional rights by appellees' treatment of appellant
after the diagnosis of schizophrenia.

 In sum, the trial court did not reversibly err in dismissing appellant's suit. 
Accordingly, the judgment of the trial court is affirmed. 


 John T. Boyd

 Senior Justice

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2006). 



>