NO. 07-07-0158-CR
Â 
IN THE COURT OF APPEALS
Â 
FOR THE SEVENTH DISTRICT OF TEXAS
Â 
AT AMARILLO
Â 
PANEL D
Â 
DECEMBER 11, 2007
Â 
______________________________
Â 
Â 
SHEA F. RAYMOND, APPELLANT
Â 
V.
Â 
THE STATE OF TEXAS, APPELLEE
Â 
Â 
_________________________________
Â 
FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;
Â 
NO. 2005-496,325; HONORABLE LARRY B. âRUSTYâ LADD, JUDGE
Â 
_______________________________
Â 
Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â On April 24, 2007, Appellant, Shea F. Raymond, filed his Notice of Appeal, by and
through retained counsel, David Martinez, complaining of the trial courtâs Judgment convicting
him of the Class B Misdemeanor offense of Driving While Intoxicated. Thereafter, on August
7, 2007, this Court permitted Appellantâs counsel to withdraw. Subsequently, Appellant missed
several deadlines for the filing of his brief. Consequently, by order dated October 5, 2007, this
Court abated this appeal and remanded the cause to the trial court to determine why
Appellant had not filed a brief. The trial court was directed to determine (1) whether Appellant
still desired to prosecute this appeal, (2) whether he was indigent and entitled to appointed
counsel, and (3) if not indigent, whether Appellant had made necessary arrangements for
filing a brief. This Courtâs order directed the trial court to file findings of fact and conclusions
of law and include them in a supplemental clerkâs record. On November 6, 2007, a
supplemental reporterâs record of the abatement hearing was filed, but no supplemental
clerkâs record has been filed.Â 
Â Â Â Â Â Â Â Â Â Â Â Upon inquiry by the Clerk of this Court regarding the status of the supplemental clerkâs
record, Court Reporter, Sandra Shannon, indicated that the trial courtâs findings had been
dictated into the record. The reporterâs record does reflect that at the abatement hearing
conducted on October 31, 2007, Appellant, who was represented by new retained counsel,
unequivocally indicated he no longer wished to prosecute this appeal. Appellantâs intention
being clear, we invoke Rule 2 of the Texas Rules of Appellate Procedure to suspend
operation of Rule 42.2(a), which requires that Appellant and his attorney sign a motion to
dismiss. 
Â Â Â Â Â Â Â Â Â Â Â Accordingly, the appeal is dismissed. The order of this Court directing the trial court
to file findings of fact and conclusions of law is hereby rendered moot.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Patrick A. Pirtle

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Â 
Â 
Â 
Do not publish.



en="false"
 UnhideWhenUsed="false" Name="Dark List Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-10-0159-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
THE COURT OF APPEALS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AT
AMARILLO

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PANEL
E

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  JANUARY
3, 2011

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

RODNEY EARL WILLIAMS,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  v.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  RICK THALER, ET AL., 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellees

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _________________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FROM THE 12TH DISTRICT
COURT OF WALKER COUNTY;

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NO. 25018; HON.
DONALD KRAEMER, PRESIDING

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Memorandum
Opinion

_______________________________

Â 

Before
QUINN, C.J., and HANCOCK and BOYD, JJ.

Â Â Â Â Â Â Â Â Â Â Â  Rodney Earl Williams (pro se) appeals
the dismissal of his lawsuit against Rick Thaler, Cheryl Lawson, Eileen
Kennedy, John P. Werner, Billy J. Reeves and Linda D. Ebner (collectively
referred to as Thaler).Â  An inmate, Williams,
sued those individuals alleging retaliation, conspiracy, racial discrimination,
harassment, and cruel and unusual punishment.Â 
Leave was sought to prosecute his claim as an indigent.Â  Thereafter, Thaler moved to dismiss the suit
because Williams failed to comply with Â§14.004 of the Texas Civil Practice and
Remedies Code; that is, Williams failed to file an affidavit Âidentifying and
describing each lawsuit previously filed by [him].ÂÂ  The trial court granted the motion and
dismissed the cause with prejudice.Â  Williams
challenges this dismissal.Â  We modify the
order, and as modified, affirm it.Â  

Â Â Â Â Â Â Â Â Â Â Â  Section 14.004 requires an inmate
seeking to prosecute claims as an indigent to Âfile a separate affidavit or
declaration . . . identifying each suit . . . previously broughtÂ pro se.Â  Tex.
Civ. Prac. & Rem. Code Ann. Â§14.004(a)(1)
(Vernon 2002).Â  In the affidavit, the
inmate is obligated to describe each suit by its 1) operative facts, 2) style,
cause number, and court in which it was filed, 3) parties, and 4) outcome.Â  Id. Â§14.004(a)(2)
(A)-(D).Â  Moreover, failing to comply
with Â§14.004 warrants the dismissal of the suit.Â  Carson v. Walker, 134 S.W.3d 300, 303
(Tex. App.ÂAmarillo 2003, pet. denied) (dismissing suit because Carson failed
to mention the operative facts underlying his prior lawsuits).

Â Â Â Â Â Â Â Â Â Â Â  Williams lists two lawsuits, ÂRodney
Earl Williams vs. Erma Jean MartinÂ and ÂRodney Earl Williams v. Billie Harris
and Deteta Jones, et, al.Â
However, he fails to include a description of the operative facts underlying
the relief sought and the cause numbers.Â 
Â Therefore, Williams failed to
comply with Â§14.004(a), and dismissal was warranted.Â  

Â Â Â Â Â Â Â Â Â Â Â  Accordingly, the trial court did not
abuse its discretion in dismissing WilliamsÂ petition.Â  Carson v. Walker, 134 S.W.3d at 302
(holding that the appropriate standard of review is one of abused
discretion).Â  But, because the suit was
dismissed with prejudice and the merits of his underlying claims were not
adjudicated by the trial court, we modify the dismissal to reflect that it was
without prejudice.Â  See id. at 303
(holding that when the underlying merits of the suit are not adjudicated, the
proceeding should be dismissed without prejudice).Â  As modified, the order of dismissal is
affirmed.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
Curiam

Â 

Â 

Â 

Â 

Â