NO. 07-10-0159-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 3, 2011
_____

RODNEY EARL WILLIAMS,

Appellant

v.

RICK THALER, ET AL.,

Appellees
_____

FROM THE 12TH DISTRICT COURT OF WALKER COUNTY;

NO. 25018; HON. DONALD KRAEMER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and BOYD, JJ.

Rodney Earl Williams (*pro se*) appeals the dismissal of his lawsuit against Rick Thaler, Cheryl Lawson, Eileen Kennedy, John P. Werner, Billy J. Reeves and Linda D. Ebner (collectively referred to as Thaler). An inmate, Williams, sued those individuals alleging retaliation, conspiracy, racial discrimination, harassment, and cruel and unusual punishment. Leave was sought to prosecute his claim as an indigent. Thereafter, Thaler moved to dismiss the suit because Williams failed to comply with §14.004 of the Texas Civil Practice and Remedies Code; that is, Williams failed to file an affidavit

"identifying and describing each lawsuit previously filed by [him]." The trial court granted the motion and dismissed the cause with prejudice. Williams challenges this dismissal. We modify the order, and as modified, affirm it.

Section 14.004 requires an inmate seeking to prosecute claims as an indigent to "file a separate affidavit or declaration . . . identifying each suit . . . previously brought" *pro se*. TEX. CIV. PRAC. & REM. CODE ANN. §14.004(a)(1) (Vernon 2002). In the affidavit, the inmate is obligated to describe each suit by its 1) operative facts, 2) style, cause number, and court in which it was filed, 3) parties, and 4) outcome. *Id.* §14.004(a)(2)(A)-(D). Moreover, failing to comply with §14.004 warrants the dismissal of the suit. *Carson v. Walker*, 134 S.W.3d 300, 303 (Tex. App.–Amarillo 2003, pet. denied) (dismissing suit because Carson failed to mention the operative facts underlying his prior lawsuits).

Williams lists two lawsuits, "Rodney Earl Williams vs. Erma Jean Martin" and "Rodney Earl Williams v. Billie Harris and Deteta Jones, et, al." However, he fails to include a description of the operative facts underlying the relief sought and the cause numbers. Therefore, Williams failed to comply with §14.004(a), and dismissal was warranted.

Accordingly, the trial court did not abuse its discretion in dismissing Williams' petition. *Carson v. Walker*, 134 S.W.3d at 302 (holding that the appropriate standard of review is one of abused discretion). But, because the suit was dismissed with prejudice and the merits of his underlying claims were not adjudicated by the trial court, we modify the dismissal to reflect that it was without prejudice. *See id.* at 303 (holding that when

2

the underlying merits of the suit are not adjudicated, the proceeding should be dismissed without prejudice).  As modified, the order of dismissal is affirmed.


Per Curiam