NO. 07-10-00485-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 9, 2012

RICKY W. TURNER, APPELLANT

v.

ARLIE B. FOX, ET AL, APPELLEES

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 98,920-E; HONORABLE DOUGLAS WOODBURN, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appearing *pro se* and *in forma pauperis,* Ricky W. Turner appeals the trial court's dismissal, under Chapter 14[1] of the Civil Practice and Remedies Code, of his suit against appellees Arlie Fox, Larry Berger, Michael Noe, Jr., Jayson Hendrix, Frank Hoke, Gary Winters and Daniel Baucom.[2] We will affirm the judgment of the trial court.

[1] Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (West 2002 & Supp. 2011).

[2] Appellee Baucom was not served with Turner's suit. Through appellees' motion to dismiss, the Texas Attorney General recommended as *amicus curiae* that the trial court dismiss the claims against Baucom on its own motion. The order of dismissal included Baucom.

Background

Turner is an inmate of the Texas Department of Criminal Justice Institutional Division and appellees are Department employees. According to his pleading, Turner was placed on a diet of "food loaf"[3] as a restriction. He later filed a grievance, in which he described his unsuccessful efforts to obtain a copy of an order, Post Order 07.006, which, Turner was told, addresses the use of food loaf. The responses to his step 1 and step 2 grievances were to the effect that inmates are not provided with post orders.[4]

In a paragraph of his petition entitled "basis of lawsuit," Turner alleged he was "being disallowed to read Post Order 07.006 which deals with food loaf and its use. This Post Order affects every individual in Administrative Segregation, Solitary Confinement, the Special Housing Unit, and Extended Cell Block." He alleged these actions violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 13 and 19 of the Texas Constitution.

---

[3] Turner's brief states food loaf "is a combination of each meal's ingredients pureed and baked in a bread or corn meal mixture. Food loaf can be fairly tolerated for three to four days depending on the individual, and then becomes totally repulsive leaving the offender three to four days with little or no food." *Cf. Arnett v. Snyder,* 331 Ill. App. 3d 518, 769 N.E.2d 943, 951 (2001) (concerning application of "meal loaf" restriction for inmates and including recipe).

[4] "A Post Order is a specific designation of the duties associated with the occupation of a specific security officer post." Tex. Att'y Gen. OR92-131 (quoting assistant general counsel for the Texas Department of Criminal Justice Institutional Division) available at: https://www.oag.state.tx.us/opinions/openrecords/48morales/orl/1992/pdf/or199200131. pdf. Post orders "govern how the correctional officers perform their duties. The post orders are different for each position and each correctional officer is required to familiarize himself with the post orders for the unit he is assigned to." *D'Antuono v. United States,* No. 4:07-CV-123-Y, 2010 U.S. Dist. Lexis 60102, at *3-4 (N.D. Tex. June 15, 2010) (discussing post orders at a federal facility).

Turner's pleadings asked for compensatory and punitive damages and an injunction mandating the Department to supply documents "on the rules and regulations of the use of food loaf."

Appellees filed a motion to dismiss which the trial court granted. This appeal followed.

Analysis

In its order dismissing the case as frivolous, the trial court found Turner failed to state a cognizable cause of action and failed to comply with Chapter 14. Turner counters through his fourth issue on appeal that the trial court should not have dismissed his case as frivolous because it is not subject to Chapter 14.

Citing no authority, Turner argues a complaint based on an intentional and malicious misuse of Department policy cannot amount to a frivolous complaint, and that appellees used Chapter 14 to prevent discovery and suppress evidence of Post Order 07.006.

As courts have long recognized, prison inmates have a strong incentive to litigate; the government bears the cost of an *in forma pauperis* suit; sanctions are not effective; and the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *Retzlaff v. Tex. Dep't of Crim. Justice,* 94 S.W.3d 650, 653 (Tex.App.--Houston [14th Dist.] 2002, pet. denied); *Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex.App--Tyler 1994, no writ). Through the provisions of Chapter 14, the Legislature gave trial courts broad discretion to dismiss

frivolous or malicious claims that are subject to its terms. Other than an action brought under the Texas Family Code, Chapter 14 applies to any action brought by an inmate who files an affidavit or unsworn declaration of inability to pay costs. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a),(b) (West Supp. 2011); *see Gross v. Carroll*, 339 S.W.3d 718, 721 (Tex.App.--Houston [1st Dist.] 2011, no pet.) (discussing applicability of chapter).

The record contains Turner's application to proceed *in forma pauperis* made on unsworn declaration. In the document, Turner avers specific facts supporting his inability to pay costs because of poverty. Regardless of the substance of Turner's complaints against appellees, his suit is within the scope of Chapter 14. We overrule Turner's fourth issue.

We turn to the finding of the trial court that Turner failed to comply with Chapter 14. We review dismissal of a claim under Chapter 14 for abuse of discretion. *Bishop v. Lawson,* 131 S.W.3d 571, 574 (Tex.App.--Fort Worth 2004, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules or principles, or otherwise acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

Under Chapter 14, a court may dismiss a claim either before or after service of process, if it finds the claim is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (West 2002). In making that determination, the trial court may consider whether the claim is substantially similar to a claim previously filed by the inmate

4

because the claim arises from the same operative facts. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) & (b)(4) (West 2002).

Section 14.004 requires an inmate proceeding as an indigent to file an affidavit identifying each *pro se* suit, other than those brought under the Family Code, the inmate previously filed and providing specified information about each suit. Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (West Supp. 2011). These requirements are intended to assist the trial court's determination whether a suit is malicious or frivolous under § 14.003(a). *Gowan v. Tex. Dep't of Crim. Justice,* 99 S.W.3d 319, 321 (Tex.App.-- Texarkana 2003, no pet.). Among the information the inmate must provide for each such suit is a description of the operative facts for which relief was sought. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(2)(A) (West Supp. 2011). Failure to comply with the requirements of § 14.004 entitles the trial court to assume the present claim is substantially similar to one the inmate previously filed. *Gowan,* 99 S.W.3d at 322; 14.003(b)(4). And as noted, substantial similarity may be considered in determining whether the inmate's claim is frivolous or malicious.

In his declaration of prior filings, Turner identified ten lawsuits but did not disclose the operative facts of any. Thus it was not possible for the trial court to determine whether the claims Turner alleged in his present suit were substantially similar to those alleged in his prior actions. The trial court therefore was authorized to assume Turner's present suit is substantially similar to a claim he previously filed. *Harrison v. Kiper,* 2008 Tex. App. Lexis 7225, at *6-7 (Tex.App.--Amarillo Sept. 25, 2008, pet. denied) (mem. op.); *Carson v. Walker,* 134 S.W.3d 300, 303 (Tex.App.--Amarillo 2003, pet.

5

denied) (citing *Clark v. J. W. Estelle Unit,* 23 S.W.3d 420, 422 (Tex.App.--Houston [1st Dist.] 2000, pet. denied)). For this reason, the trial court did not abuse its discretion in dismissing the case as frivolous. *Samuels v. Strain,* 11 S.W.3d 404, 406 (Tex.App.--Houston [1st Dist.] 2000, no pet.).

By his fifth issue, Turner complains it was error to dismiss his case without allowing him to respond to appellees' motion to dismiss. Appellees moved to dismiss the case two months after Turner filed it, and the trial court signed an order of dismissal a few days later.

A trial court may dismiss an inmate suit even before service of process if the claim is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (West 2002). Chapter 14 does not contain a procedure for disposition. Thus, without a hearing the trial court may consider dismissal of a suit brought under Chapter 14 on its own motion or the motion of a defendant and without granting the plaintiff a response. *See Harrison v. Iglesias,* No. 13-01-0160-CV, 2002 Tex. App. Lexis 1784, at *7-8 (Tex.App.--Corpus Christi Mar. 7, 2002, no pet.) (not designated for publication) (noting trial court could dismiss claim before service of process and was not obligated to advise plaintiff to respond, and concluding plaintiff had no right to respond before dismissal). Turner's failure to properly identify his prior lawsuits was apparent on the face of the record and authorized dismissal of his suit without the need of a response by Turner. *Cf. Thomas v. Bilby,* 40 S.W.3d 166, 170 (Tex.App.--Texarkana 2001, no pet.) (issue was wholly determinable from record thus party did not need to appear at hearing to present his case). Concluding the trial court did not abuse its discretion by dismissing

6

Turner's case without a response to appellees' motion to dismiss, we overrule Turner's fifth issue.

Resolution of Turner's remaining issues is unnecessary to the disposition of this appeal.[5] Tex. R. App. P. 47.1.

Conclusion

During the pendency of this appeal, Turner has filed various memoranda with the court. Any relief requested by these filings, on which the court has not previously ruled, is denied.

Based on the foregoing analysis, the judgment of the trial court is affirmed.

James T. Campbell
Justice

---

[5] In the trial court, as a ground for dismissal, appellees argued Turner did not file a certified copy of his trust account statement as required by §§ 14.004(c) and 14.006(f). Tex. Civ. Prac. & Rem. Code Ann. §§ 14.004(c) (West Supp. 2011) and 14.006(f) (West 2002). By his third issue, Turner contends he filed the required statement. The record indicates Turner filed a certified trust account statement. In their appellate brief, appellees concede this fact and abandon their related ground for dismissal. But this consequence does not affect the disposition of this appeal.