NUMBER 13-07-00613-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

ROB L. NEWBY, Appellant,


v.
 


J.R. CUNNINGHAM, ET AL., Appellees.

 


On appeal from the 1-A District Court of Tyler County, Texas.


 




MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides


Memorandum Opinion by Justice Benavides



 Appellant, Rob L. Newby, an inmate housed in the Texas Department of Criminal
Justice-Institutional Division ("TDCJ"), sued various employees of the TDCJ. The trial court
dismissed his suit for failure to follow chapter 14 of the civil practice and remedies code. 
See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (Vernon 2002). Newby appeals
asserting ten points of error. Because we find that Newby failed to comply with chapter 14,
we affirm, see id.; however, we modify the judgment to reflect that the dismissal is without
prejudice.

I. Background Facts and Procedure


 On July 3, 2007, Newby filed his original petition complaining of "the deprivation
[and] violation of rights, privileges, [and] immunities secured by state statutes and the
constitutions of the United States and the Great State of Texas." Newby alleged that
various employees of the TDCJ engaged in a pattern of denying him access to the prison's
law library and denying his requests for certain legal forms, books, and materials. Many
of the requests were rejected because Newby did not state his job assignment on the
request form. Newby argued in his petition that, even after making written requests for the
information, he was unable to obtain a job description from the appropriate TDCJ
employees. Newby additionally averred that the law library would deliver books and
documents to him that were not the items he had requested, while not delivering those he
had requested. Newby filed three "step 1" grievances, followed by three "step 2"
grievances complaining of the employees' conduct and the denial of access to the law
library, records, and materials. See generally Tex. Gov't Code Ann. § 501.008 (Vernon
2004) (Inmate Grievance System).

 After all six grievances were denied, Newby filed his original petition in the present
case. In addition to the petition, Newby filed a verified "Affidavit as to Inability to Pay
Costs." Newby later amended his petition to add additional defendants and supplemented
his petition to include the required trust fund account statement. 

 In the present action, the trial court ordered the attorney general to "file as amicus
curiae an advisory with the Court as to whether the inmate plaintiff has satisfied all of the
statutory requirements." The attorney general did so, and in the amicus, the attorney
general argued for dismissal asserting that Newby did not satisfy chapter 14 of the civil
practice and remedies code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014. 
According to the attorney general, among other deficiencies, Newby failed to comply with
section 14.004 by failing to provide a complete affidavit relating to his previous filings. See
id. § 14.004 (Vernon 2002). Specifically, the attorney general asserted that the affidavit
was incomplete because Newby did not include the results of two of his prior lawsuits. See
id. § 14.004(a)(2)(D). The attorney general recommended dismissal for failure to comply
with chapter 14 and included a proposed order to that effect. Without stating a specific
ground under chapter 14, the trial court dismissed Newby's case with prejudice for failing
to comply with chapter 14. Newby requested, and the trial judge provided, findings of fact
and conclusions of law. This appeal followed. 

II. Standard of Review


 When we review the dismissal of a lawsuit brought by an inmate who has filed an
affidavit or a declaration of inability to pay costs, we determine whether, in dismissing the
suit, the trial court abused its discretion. Jackson v. Tex. Dep't of Criminal Justice-Inst.
Div., 28 S.W.3d 811, 813 (Tex. App.-Corpus Christi 2000, pet. denied). A trial court
abuses its discretion when it acts without reference to any guiding rules or principles. Id. 
Therefore, the party complaining of the trial court's action must demonstrate that such
action was arbitrary or unreasonable in light of all of the circumstances in the case. Id. 

III. Applicable Law


 In order to control inmate litigation, which may be frivolous, the legislature enacted
chapter 14 of the civil practice and remedies code. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 14.001-.014; Jackson, 28 S.W.2d at 813. These provisions control the situation before
us because they cover inmate litigation "in which the inmate files an affidavit or unsworn
declaration of inability to pay costs," unless the plaintiff brought his action under the family
code. Jackson, 28 S.W.3d at 813; see Tex. Civ. Prac. & Rem. Code Ann. § 14.002. An
"unsworn declaration" of inability to pay costs "means a document executed in accordance
with Chapter 132." Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001; 132.001-.003 (Vernon
2005) (requiring that the declaration be in writing and subscribed by the declarant to be
true, under penalty of perjury; prescribing the form to be used). 

 Chapter 14 sets forth procedural requirements an inmate must satisfy as a
prerequisite to filing suit. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002, 14.004,
14.005, 14.006; see also Lilly v. Northrep, 100 S.W.3d 335, 336 (Tex. App.-San Antonio
2002, pet. denied). Should the inmate fail to comply with these requirements, his suit will
be dismissed. Lilly, 100 S.W.3d at 336 (citing Bell v. Tex. Dep't of Crim. Justice-Inst. Div.,
962 S.W.2d 156, 158 (Tex. App.-Houston [14th Dist.] 1998, pet. denied)). "The purpose
of the various filing requirements is merely to assist the trial judge in determining whether
the suit is frivolous." Id. at 337 (citing Clark v. Unit, 23 S.W.3d 420, 422 (Tex.
App.-Houston [1st Dist.] 2000, pet. denied)). 

 Even if the inmate meets all of chapter 14's procedural requirements, the trial court
may still dismiss the suit as frivolous. Id. This is so because the trial court's discretion to
dismiss a lawsuit brought under chapter 14 is broad when the claim is frivolous or
malicious, and the trial court is not required to hold a hearing before dismissing a frivolous
or malicious claim brought under chapter 14. Id.; Spurlock v. Schroedter, 88 S.W.3d 733,
736 (Tex. App.-Corpus Christi 2002, pet. denied); see Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(c). 

IV. Discussion


 The trial court dismissed the cause "due to Plaintiff's violation of Chapter Fourteen
of the Texas Civil Practice and Remedies Code." Because the trial court did not state the
specific ground under chapter 14, Newby must show that each of the State's arguments
alleged in its amicus curiae is insufficient to support the dismissal. Carson v. Walker, 134
S.W.3d 300, 302 (Tex. App.-Amarillo 2003, pet. denied). Among other arguments, the
State asserted that Newby failed to comply with section 14.004 because his affidavit
regarding prior suits did not include the disposition of two of the previous suits. See Tex.
Civ. Prac. & Rem. Code Ann. § 14.004(a)(2)(D). We agree.

 Section 14.004(a) requires the inmate to list all prior lawsuits, in which the inmate
was a plaintiff and was not represented by an attorney and to list the results of such suits,
among other things. Id. Newby listed, in his affidavit, eight prior lawsuits. For cause
number 20,456, he stated "Operative Facts--filed 5/08/07 addressing improper disciplinary
conviction for 'fraud,'" and for cause number 20,457, he claimed, "All info [sic] same as
[cause number 20,457], except charge[] 'extortion.'" Newby argues on appeal that
because the suits were "pending" at the time the affidavit was filed in the present action,
"[t]here are no 'results' to provide." However, the inmate "cannot shift the burden to the
trial court to search out the necessary information concerning" the prior suits. Thompson
v. Rodriguez, 99 S.W.3d 328, 330 (Tex. App.-Texarkana 2003, no pet.). Other prior suits
were listed as "dismissed," "no activity," "case pending," or "transferred." The burden was
on Newby to show compliance with section 14.004. Id. The trial court did not abuse its
discretion by dismissing Newby's suit under chapter 14.

V. Dismissal with Prejudice


 When we review a trial court's dismissal with prejudice under chapter 14, we should
consider whether the inmate could remedy the error through a more specific pleading. 
Williams v. Brown, 33 S.W.3d 410, 412 (Tex. App.-Houston [1st Dist.] 2000, no pet.); see
Denton v. Hernandez, 504 U.S. 25, 34 (1992) (construing the federal in forma pauperis
statute and finding that appellate courts should review whether dismissal was with or
without prejudice); Lentworth v. Trahan, 981 S.W.2d 720, 722-23 (Tex. App.-Houston [1st
Dist.] 1998, no pet.) (listing the instances in which a suit may be dismissed with prejudice);
see also Holloway v. Anderson, No. 13-00-369-CV, 2001 WL 34615356, at *3 (Tex.
App.-Corpus Christi Aug. 16, 2001, no pet.) (not designated for publication) (same). Here,
the trial court dismissed the suit with prejudice, but dismissal with prejudice was improper
because the inmate could remedy the error. (1) Thomas v. Knight, 52 S.W.3d 292, 295-96
(Tex. App.-Corpus Christi 2001, pet. denied) (holding that dismissal under Texas Civil
Practice and Remedies Code section 14.004 should be without prejudice); Hickman v.
Adams, 35 S.W.3d 120, 124 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (same). 


VI. Conclusion


 Because Newby can remedy the error, we modify the judgment to reflect that
Newby's suit is dismissed "without prejudice." See also Hickman, 35 S.W. at 124; Hughes
v. Garrett, No. 13-01-485-CV, 2002 WL 34230951, at *2 (Tex. App.-Corpus Christi Oct.
31, 2002, no pet.) (not designated for publication). As modified, we affirm the trial court's
judgment. See Tex. R. App. P. 43.2.

 ________________________________

 GINA M. BENAVIDES,

 Justice


Memorandum Opinion delivered and

filed this the 12th day of March, 2009. 


 
1. The attorney general's amicus asserted four grounds to support its argument that Newby' case
violated chapter fourteen: (1) Newby failed to fully exhaust his administrative remedies for all named
defendants; (2) Newby failed to file a complete affidavit; (3) Newby failed to file a certified copy of his
prisoner's trust account; and (4) Newby included frivolous or malicious claims. We have considered each of
these assertions and have determined that none support dismissal with prejudice. See Lentworth, 981
S.W.2d at 722-23; see also Holloway, 2001 WL 34615356, at *3.