

**NUMBER 13-07-00613-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROB L. NEWBY,                                                                    Appellant,

v.

J.R. CUNNINGHAM, ET AL.,                                               Appellees.

**On appeal from the 1-A District Court of Tyler County, Texas.**

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Benavides**
**Memorandum Opinion by Justice Benavides**

Appellant, Rob L. Newby, an inmate housed in the Texas Department of Criminal Justice-Institutional Division ("TDCJ"), sued various employees of the TDCJ. The trial court dismissed his suit for failure to follow chapter 14 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (Vernon 2002). Newby appeals asserting ten points of error. Because we find that Newby failed to comply with chapter 14,

we affirm, *see id.*; however, we modify the judgment to reflect that the dismissal is without prejudice.

## I. BACKGROUND FACTS AND PROCEDURE

On July 3, 2007, Newby filed his original petition complaining of "the deprivation [and] violation of rights, privileges, [and] immunities secured by state statutes and the constitutions of the United States and the Great State of Texas." Newby alleged that various employees of the TDCJ engaged in a pattern of denying him access to the prison's law library and denying his requests for certain legal forms, books, and materials. Many of the requests were rejected because Newby did not state his job assignment on the request form. Newby argued in his petition that, even after making written requests for the information, he was unable to obtain a job description from the appropriate TDCJ employees. Newby additionally averred that the law library would deliver books and documents to him that were not the items he had requested, while not delivering those he had requested. Newby filed three "step 1" grievances, followed by three "step 2" grievances complaining of the employees' conduct and the denial of access to the law library, records, and materials. *See generally* TEX. GOV'T CODE ANN. § 501.008 (Vernon 2004) (Inmate Grievance System).

After all six grievances were denied, Newby filed his original petition in the present case. In addition to the petition, Newby filed a verified "Affidavit as to Inability to Pay Costs." Newby later amended his petition to add additional defendants and supplemented his petition to include the required trust fund account statement.

In the present action, the trial court ordered the attorney general to "file as amicus curiae an advisory with the Court as to whether the inmate plaintiff has satisfied all of the

2

statutory requirements." The attorney general did so, and in the amicus, the attorney general argued for dismissal asserting that Newby did not satisfy chapter 14 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014. According to the attorney general, among other deficiencies, Newby failed to comply with section 14.004 by failing to provide a complete affidavit relating to his previous filings. *See id.* § 14.004 (Vernon 2002). Specifically, the attorney general asserted that the affidavit was incomplete because Newby did not include the results of two of his prior lawsuits. *See id.* § 14.004(a)(2)(D). The attorney general recommended dismissal for failure to comply with chapter 14 and included a proposed order to that effect. Without stating a specific ground under chapter 14, the trial court dismissed Newby's case with prejudice for failing to comply with chapter 14. Newby requested, and the trial judge provided, findings of fact and conclusions of law. This appeal followed.

## II. STANDARD OF REVIEW

When we review the dismissal of a lawsuit brought by an inmate who has filed an affidavit or a declaration of inability to pay costs, we determine whether, in dismissing the suit, the trial court abused its discretion. *Jackson v. Tex. Dep't of Criminal Justice-Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id.* Therefore, the party complaining of the trial court's action must demonstrate that such action was arbitrary or unreasonable in light of all of the circumstances in the case. *Id.*

## III. APPLICABLE LAW

In order to control inmate litigation, which may be frivolous, the legislature enacted

3

chapter 14 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014; *Jackson*, 28 S.W.2d at 813. These provisions control the situation before us because they cover inmate litigation "in which the inmate files an affidavit or unsworn declaration of inability to pay costs," unless the plaintiff brought his action under the family code. *Jackson*, 28 S.W.3d at 813; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002. An "unsworn declaration" of inability to pay costs "means a document executed in accordance with Chapter 132." TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001; 132.001-.003 (Vernon 2005) (requiring that the declaration be in writing and subscribed by the declarant to be true, under penalty of perjury; prescribing the form to be used).

Chapter 14 sets forth procedural requirements an inmate must satisfy as a prerequisite to filing suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002, 14.004, 14.005, 14.006; *see also Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.–San Antonio 2002, pet. denied). Should the inmate fail to comply with these requirements, his suit will be dismissed. *Lilly*, 100 S.W.3d at 336 (citing *Bell v. Tex. Dep't of Crim. Justice-Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied)). "The purpose of the various filing requirements is merely to assist the trial judge in determining whether the suit is frivolous." *Id.* at 337 (citing *Clark v. Unit*, 23 S.W.3d 420, 422 (Tex. App.–Houston [1st Dist.] 2000, pet. denied)).

Even if the inmate meets all of chapter 14's procedural requirements, the trial court may still dismiss the suit as frivolous. *Id.* This is so because the trial court's discretion to dismiss a lawsuit brought under chapter 14 is broad when the claim is frivolous or malicious, and the trial court is not required to hold a hearing before dismissing a frivolous

4

or malicious claim brought under chapter 14. *Id.*; *Spurlock v. Schroedter*, 88 S.W.3d 733, 736 (Tex. App.–Corpus Christi 2002, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c).

## IV. DISCUSSION

The trial court dismissed the cause "due to Plaintiff's violation of Chapter Fourteen of the Texas Civil Practice and Remedies Code." Because the trial court did not state the specific ground under chapter 14, Newby must show that each of the State's arguments alleged in its *amicus curiae* is insufficient to support the dismissal. *Carson v. Walker*, 134 S.W.3d 300, 302 (Tex. App.–Amarillo 2003, pet. denied). Among other arguments, the State asserted that Newby failed to comply with section 14.004 because his affidavit regarding prior suits did not include the disposition of two of the previous suits. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(2)(D). We agree.

Section 14.004(a) requires the inmate to list all prior lawsuits, in which the inmate was a plaintiff and was not represented by an attorney and to list the results of such suits, among other things. *Id.* Newby listed, in his affidavit, eight prior lawsuits. For cause number 20,456, he stated "Operative Facts—filed 5/08/07 addressing improper disciplinary conviction for 'fraud,'" and for cause number 20,457, he claimed, "All info [sic] same as [cause number 20,457], except charge[] 'extortion.'" Newby argues on appeal that because the suits were "pending" at the time the affidavit was filed in the present action, "[t]here are no 'results' to provide." However, the inmate "cannot shift the burden to the trial court to search out the necessary information concerning" the prior suits. *Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.). Other prior suits

5

were listed as "dismissed," "no activity," "case pending," or "transferred." The burden was on Newby to show compliance with section 14.004. *Id.* The trial court did not abuse its discretion by dismissing Newby's suit under chapter 14.

## V. DISMISSAL WITH PREJUDICE

When we review a trial court's dismissal with prejudice under chapter 14, we should consider whether the inmate could remedy the error through a more specific pleading. *Williams v. Brown*, 33 S.W.3d 410, 412 (Tex. App.–Houston [1st Dist.] 2000, no pet.); *see Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (construing the federal *in forma pauperis* statute and finding that appellate courts should review whether dismissal was with or without prejudice); *Lentworth v. Trahan*, 981 S.W.2d 720, 722-23 (Tex. App.–Houston [1st Dist.] 1998, no pet.) (listing the instances in which a suit may be dismissed with prejudice); *see also Holloway v. Anderson*, No. 13-00-369-CV, 2001 WL 34615356, at *3 (Tex. App.–Corpus Christi Aug. 16, 2001, no pet.) (not designated for publication) (same). Here, the trial court dismissed the suit with prejudice, but dismissal with prejudice was improper because the inmate could remedy the error.[1] *Thomas v. Knight*, 52 S.W.3d 292, 295-96 (Tex. App.–Corpus Christi 2001, pet. denied) (holding that dismissal under Texas Civil Practice and Remedies Code section 14.004 should be without prejudice); *Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.–Houston [14th Dist.] 2000, no pet.) (same).

---

[1] The attorney general's amicus asserted four grounds to support its argument that Newby' case violated chapter fourteen: (1) Newby failed to fully exhaust his administrative remedies for all named defendants; (2) Newby failed to file a complete affidavit; (3) Newby failed to file a certified copy of his prisoner's trust account; and (4) Newby included frivolous or malicious claims. We have considered each of these assertions and have determined that none support dismissal with prejudice. *See Lentworth,* 981 S.W.2d at 722-23; *see also Holloway*, 2001 WL 34615356, at *3.

## VI. CONCLUSION

Because Newby can remedy the error, we modify the judgment to reflect that Newby's suit is dismissed "without prejudice." *See also Hickman*, 35 S.W. at 124; *Hughes v. Garrett*, No. 13-01-485-CV, 2002 WL 34230951, at *2 (Tex. App.–Corpus Christi Oct. 31, 2002, no pet.) (not designated for publication). As modified, we affirm the trial court's judgment. *See* TEX. R. APP. P. 43.2.

_____
GINA M. BENAVIDES,
Justice

Memorandum Opinion delivered and
filed this the 12th day of March, 2009.